# UNITED COPPER SECURITIES COMPANY ET AL. *v.* AMALGAMATED COPPER COMPANY ET AL.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 208.   Argued April 24, 1917.—Decided May 21, 1917.

The established principles limiting the right of a stockholder to sue on behalf of the corporation when it refuses to do so, restated and held applicable to an action for damages based on alleged injury to the corporation through violations of the Sherman Act.

The rule which confines the individual stockholder to the equitable forum when seeking to enforce a right of the corporation applies when the cause of action arises under the Sherman Act, as in other cases. *Fleitmann* v. *Welsbach Co.*, 240 U. S. 27, distinguished.

Whether or not in an action by stockholders to enforce an alleged right of their corporation this court has power to substitute as plaintiffs persons appointed receivers of the corporation while the writ of error is pending, *Held* that in the circumstances stated in the opinion such a motion was without merit in this case.

223 Fed. Rep. 421, affirmed.

THE case is stated in the opinion.

*Mr. Ferdinand E. M. Bullowa,* with whom *Mr. Ralph James M. Bullowa, Mr. Emilie M. Bullowa* and *Mr. Robert H. McCarter* were on the briefs, for plaintiffs in error.

*Mr. John A. Garver* for defendants in error Amalgamated Copper Company *et al.*

*Mr. Louis Marshall* for defendant in error Adolph Lewisohn.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

This is an action at law. The complaint alleges that plaintiffs are the holders of more than 200 of the 500,000 shares of the outstanding stock of the defendant United Copper Company, a New Jersey corporation; that the defendants other than that company have by conduct violating the Sherman Law (Act of July 2, 1890, c. 647, 26 Stat. 209) injured it to the extent of more than $5,000,000,[1] and that:

"IV. In or about the month of January, 1912, and before the commencement of this action the plaintiffs, United Copper Securities Company and Arthur P. Heinze, each made a demand upon the defendant, United Copper Company, that this or a like action be instituted by said corporation defendant, and said corporation defendant, and its Board of Directors, have refused to comply with said demand, and have failed and refused to commence or cause to be commenced any action whatever in compliance therewith.

"V. This action is commenced and prosecuted by the

---

[1] The bill is framed on the theory that the injury to the United Copper Company was suffered directly, as a competitor of the other defendants, and the case will be discussed on that supposition. It is proper to observe, however, that the allegations of the bill are ambiguous in this respect, and that the United Copper Company appears to have been a mere holding company, which suffered injury only indirectly as controlling stockholder in various mining companies alleged to have been damaged by the conspiracy and which were not made parties to this suit.

plaintiff United Copper Securities Company, and by the plaintiff, Arthur P. Heinze, each individually and for himself and also on his own behalf and on behalf of all the other stockholders of said United Copper Company."

The complaint concludes:

. "Wherefore, the plaintiffs demand judgment in their favor and in favor of any stockholders of the United Copper Company who may join with them in the prosecution of this action in the sum of three-fold damages under Section 7 of the Act of Congress aforesaid, and that each of the defendants shall be compelled to pay the damages sustained by the United Copper Company, as hereinbefore alleged."

The District Court sustained a demurrer and dismissed the complaint. Its judgment was affirmed by the Circuit Court of Appeals, 223 Fed. Rep. 421; and the case comes here on writ of error. A motion for substitution of plaintiffs, hereafter referred to, was made in this court and argued with the merits.

There is no statement in the complaint that the alleged wrongful acts have caused injury to the plaintiffs as individual shareholders; and no recovery is sought for damages to them or to their property. The case involves, therefore, this single question: Whether a stockholder in a corporation which is alleged to have a cause of action in damages against others for conduct in violation of the Sherman Act, may sue at law to recover such damages in the right of the corporation, if, after request, it refuses to institute the suit itself? Insuperable obstacles to the maintenance of the action are presented both by the substantive law and by the law of procedure.

Whether or not a corporation shall seek to enforce in the courts a cause of action for damages is, like other business questions, ordinarily a matter of internal management and is left to the discretion of the directors, in the absence of instruction by vote of the stockholders. Courts inter-

fere seldom to control such discretion *intra vires* the corporation, except where the directors are guilty of misconduct equivalent to a breach of trust, or where they stand in a dual relation which prevents an unprejudiced exercise of judgment; and, as a rule, only after application to the stockholders, unless it appears that there was no opportunity for such application, that such application would be futile (as where the wrongdoers control the corporation), or that the delay involved would defeat recovery.[1] In the instant case there is no allegation that the United Copper Company is in the control of the alleged wrongdoers or that its directors stand in any relations to them or that they have been guilty of any misconduct whatsoever. Nor is there even an allegation that their action in refusing to bring such suit is unwise. No application appears to have been made to the stockholders as a body or indeed to any other stockholders individually; nor does it appear that there was no opportunity to make it, and no special facts are shown which render such application unnecessary. For aught that appears, the course pursued by the directors has the approval of all the stockholders except the plaintiffs. The fact that the cause of action is based on the Sherman Law does not limit the discretion of the directors or the power of the body of stockholders; nor does it give to individual shareholders the right to interfere with the internal management of the corporation.

But even if the circumstances were such as to justify individual stockholders in seeking the aid of the court to enforce rights of the corporation, it is clear that their remedy is not at law.[2] The particular equitable relief

---

[1] *Hawes* v. *Oakland*, 104 U. S. 450; *Quincy* v. *Steel*, 120 U. S. 241; *Corbus* v. *Alaska Treadwell Gold Mining Co.*, 187 U. S. 455; *Delaware & Hudson Co.* v. *Albany & Susquehanna R. R. Co.*, 213 U. S. 435. See *Macon, D. & S. R. Co.* v. *Shailer*, 141 Fed. Rep. 585.

[2] *Hawes* v. *Oakland,* 104 U. S. 450, 454; *Quincy* v. *Steel*, 120 U. S. 241. The latter case was an equity suit by a stockholder to enforce a purely

sought in *Fleitmann* v. *Welsbach Co.*, 240 U. S. 27, was denied; but this denial affords no reason for assuming that the long settled rule under which stockholders may seek such relief only in a court of equity will be departed from because the cause of action involved arises under the Sherman Law.

This action was commenced May 3, 1912. The judgment dismissing the complaint was rendered in the District Court September 24, 1914, and affirmed by the Circuit Court of Appeals April 13, 1915. The case was entered in this court July 27, 1915. On April 7, 1917, about a fortnight before the case was reached for argument, George D. Hendrickson and Luther Martin, Jr., filed in this court a motion that they be substituted as plaintiffs in error. The motion recites that they had, on March 1, 1917, been appointed receivers of the United Copper Company by the Court of Chancery of New Jersey, and had on April 2, 1917, been authorized by it to apply for such substitution. Annexed to the motion is a copy of the petition for appointment of the receivers which alleges that the United Copper Company had on February 28, 1912, been dissolved by proclamation of the Governor of New Jersey for failure to pay franchise taxes; and that it had assets of large value; but that its directors named (who under the statute thereupon became trustees for the corporation) had taken no steps whatever to collect its assets or settle its affairs and were not fit and proper persons to be entrusted with them. Only by opposing affidavits filed by defendants was it disclosed that, on February 10, 1913, more than four years previously, the District Court of the United States for the Southern District of New York had appointed others receivers of the

legal claim of the corporation—damages for breach of contract; and the court sustained a demurrer to the bill, not because the suit should have been at law, but because the bill failed to show that complainant had made sufficient effort to induce the directors to enter suit.

United Copper Company, and had vested in those receivers the possession of "all the properties owned by the defendant [the United Copper Company], or in which the said defendant has any ownership or interest, whether such property be real, personal or mixed, of whatsoever kind and description, and wheresoever situated, including . . . things in action, credits, stocks, bonds, securities, shares of stock in the corporations described in said bill of complaint, and all shares of stock, certificates of equitable interest and other certificates representing any interest in any property and all other securities of whatsoever character owned by the defendant company, on or in which it has any interest, or which it controls directly or indirectly," and that on February 14, 1913, the same persons had been appointed ancillary receivers by the United States District Court for the District of New Jersey. We have no occasion to consider the power of this court to grant the motion for substitution. See *Railway Co. v. Twombly*, 100 U. S. 78, 81. It is without merit and is denied.

*Judgment affirmed.*