238

Campbell, Wick, Houck & Thomas and G. W. Smith, all of Pittsburgh, Pa., and Unger & Pollack, of New York City, for plaintiffs.

Oliver K. Eaton, of Pittsburgh, Pa., for defendants.

GIBSON, District Judge.

The complaint attacks the merger of the McKeesport Tin Plate Company and the National Can Company in March of 1937, the surviving company being the McKeesport Tin Plate Corporation, a corporation of the State of Delaware. The Tin Plate Corporation has been made a defendant with nine individual defendants, all of whom were directors of the Tin Plate Company at the time of the merger, and three were also directors of the National Can Company. The complaint alleges that one of the plaintiffs is the owner of 240 shares of stock of the Tin Plate Corporation, and the other of 160 shares. It further alleges: "Part of said ownership represents stock of the Tin Company purchased prior to the merger and part represents stock of Tin Corporation purchased subsequent to the merger."

The individual defendants are charged with a conspiracy to despoil the Tin Company of its assets, for their individual benefit, by means of the merger. The complainants, inter alia, pray the court to set aside the merger, or, in the alternative, to require the individual defendants to account to the Tin Corporation for any property of the Tin Company or the Tin Corporation diverted to themselves or lost or wasted by violation of their duties.

Defendants have moved to dismiss the complaint, assigning four reasons: First, the lack of averment that plaintiffs were registered stockholders at the time of the transactions of which they complain; second, that laches appear upon the face of the complaint; third, that the complaint relates to the internal management of corporations over which the court has no jurisdiction; and fourth, that the complaint contains no allegation of effort, or excuse for not making the effort, to secure from the directors or shareholders action in respect to the matters set forth.

■ Rule 23(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in an action such as the present, requires the complaint to aver that the plaintiff was a shareholder at the time of the transaction of which he complains. The transactions were alleged frauds upon the Tin Plate Company prior to the merger, and natural pleading would seem to suggest a direct allegation that complainants were the owners (registered or not) of a definite number of shares of the Tin Plate Company upon a date prior to the merger. The verbiage used ("part of said ownership represents stock of the Tin Company purchased prior to the merger") does not actually allege ownership in plaintiffs prior to the merger, although creating such an inference. The court, however, would not dismiss the complaint on account of the lack of certainty in the allegation of ownership, but would allow complainants to amend were this defect in the pleading the only one appearing, but does not allow amendment because a more vital omission of necessary declaration in the pleading requires dismissal. The defendants could then offer as a defense their declaration that

complainants were not registered shareholders of the Tin Plate Company prior to merger.

The second reason urged by defendants for dismissal of the complaint, estoppel on account of delay in bringing the action, need not be considered at this time. Were it the only reason urged, the court feels that something other than the face of the complaint would be required to sustain defendants' contention.

Defendants, as their third reason for dismissal of the complaint, urge that its subject matter relates to the internal management of corporations over which this court has no jurisdiction.

■ If the only relief sought by the complaint were found in the prayer that the merger of the Tin Plate Company and the National Can Company be set aside and annulled, the jurisdiction of the court might well be questioned; but other relief is sought, the prayers therefor being substantially parallel to those in the complaint in Overfield v. Pennroad Corporation, 3 Cir., 113 F.2d 6, opinion by Jones, Circuit Judge. In that case the court held that the action did not involve the internal affairs and management of a Delaware corporation, and that the lower court (E. District Pa.) had jurisdiction. The prayers of that case being paralleled by those of the instant case, the decision upon defendants' third reason must be parallel, and the jurisdiction of the court herein affirmed insofar as the defendants' third reason is considered.

The complaint does not contain any allegation of effort, or reason for lack of effort, to secure action from the directors or stockholders in respect to its subject matters, and this lack is the basis of defendants' fourth reason advanced in support of its motion to dismiss.

Rule 23(b) of the Rules for Federal Civil Procedure is as follows: "(b) Secondary Action by Shareholders. In an action brought to enforce a secondary right on the part of one or more shareholders in an association, incorporated or unincorporated, because the association refuses to enforce rights which may properly be asserted by it, the complaint shall be verified by oath and shall aver (1) that the plaintiff was a shareholder at the time of the transaction of which he complains or that his share thereafter devolved on him by operation of law and (2) that the action is not a collusive one

to confer on a court of the United States jurisdiction of any action of which it would not otherwise have jurisdiction. The complaint shall also set forth with particularity the efforts of the plaintiff to secure from the managing directors or trustees and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

■ The above was in substance Equity Rule 27, 28 U.S.C.A. following section 723, before being incorporated in the present rules. The original rule was adopted shortly after the decisions in Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827, and Huntington v. Palmer, 104 U.S. 482, 26 L.Ed. 833, in each of which cases the Supreme Court affirmed dismissal of a stockholder's bill because it failed to set forth any effort to obtain action by the stockholders as a body. From the time of these decisions the rule therein laid down has been followed. True, as the present rule indicates, excuse for not making the effort may exist; and such excuse does appear (although not accurately pleaded) in the complaint for not appealing to the directors. The action the complainants desired was suit against the directors themselves, and appeal to them would naturally be futile. No facts, however, have been set forth which tend to excuse lack of appeal to the shareholders as a body. Had it been a fact, complainants might have alleged that the present director defendants were holders of a majority of the stock, but they did not do so. The only excuse advanced upon argument of the motion to dismiss as a reason for the apparent failure to comply with the rule was the proposition that the complaint charges fraudulent acts on the part of the director defendants and such acts cannot be ratified by the stockholders. Fraudulent acts of directors of a corporation, even if approved by a majority of the stockholders, will not preclude an injured stockholder from bringing his action in a federal court—if he has complied with Rule 23(b). The power of the body of stockholders is not limited to ratification of the acts of directors. It may supplant the former directors at an annual meeting and cause an action to be begun by the corporation, the natural plaintiff. In this connection the history of Rule 23(b) and its predecessor rules must not be forgotten. See

opinion of Mr. Justice Miller in Hawes v. Oakland, 104 U.S. 450, 460, 26 L.Ed. 827. The United States courts had been burdened by many actions brought by an individual shareholder who resided in another state than that of his corporation and of the defendant. Many of these suits were begun by collusion between the stockholder plaintiff and his corporation for the purpose of securing trial of the case in the United States court, instead of the state court having jurisdiction. With this evil in mind, and the burden of cases brought by an individual stockholder upon the courts of the United States, the original rule followed Mr. Justice Miller's decision—a week after delivery of the opinion. In the opinion a number of situations are mentioned wherein justification is found for suit by an individual stockholder upon a right of action existing in the corporation, among them: "Or such a fraudulent transaction completed or contemplated by the acting managers * * * or with other shareholders as will result in serious injury to the corporation, or to the interests of the other shareholders." He followed this enumeration of causes with the following: "But, in addition to the existence of grievances which call for this kind of relief, it is equally important that before the shareholder is permitted in his own name to institute and conduct a litigation which usually belongs to the corporation, he should show to the satisfaction of the court that he has exhausted all the means within his reach to obtain, within the corporation itself, the redress of his grievances, or action in conformity to his wishes. He must make an earnest, not a simulated effort, with the managing body of the corporation, to induce remedial action on their part, and this must be made apparent to the court. If time permits or has permitted, he must show, if he fails with the directors, that he has made an honest effort to obtain action by the stockholders as a body, in the matter of which he complains. And he must show a case, if this is not done, where it could not be done, or it was not reasonable to require it."

Mr. Justice Brandeis, in United Copper Securities Co. et al. v. Amalgamated Copper Co. et al., 244 U.S. 261, 264, 37 S.Ct. 509, 61 L.Ed. 1119, cited Hawes v. Oakland, supra, and a number of other decisions of like import. See note, page 264 of 244 U.S., page 510 of 37 S.Ct., 61 L.Ed. 1119. See, also, Stone v. Holly Hill Fruit Products, Inc., 5 Cir., 56 F.2d 553; Long v. Stites, 6 Cir., 88 F.2d 554; Nisonoff v. Irving Trust Co., 2 Cir., 68 F.2d 32.

The complaint does not set forth any effort on the part of plaintiffs to secure from the shareholders such action as they desired in respect to the matters whereof they complain, nor any reason for not making an effort to secure it. Therefore, not being in compliance with the requirements of Rule 23(b), the complaint must be dismissed.