J. C. F. HOLDING CORPORATION et al., Plaintiffs, and HELEN H. SMITH, Intervener, Plaintiff, as Holders of Class A Common Stock of GENERAL GAS & ELECTRIC CORPORATION, Suing on Behalf of Said Corporation and All Other Stockholders Similarly Situated, *v.* GENERAL GAS & ELECTRIC CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, May 24, 1943.

*Greenbaum, Wolf & Ernst* for intervener.

*Carlos L. Israels* (*Clarice F. Brows,* of counsel), for General Gas & Electric Corporation, defendant.

*White & Case* for NY PA NJ Utilities Company and another, defendants.

*Carl S. Stern* for Associated Electric Company, defendant.

*David Miller* for United Coach Company and another, defendants.

*McLaughlin & Stern* for J. C. F. Holding Corporation and others, plaintiffs.

SHIENTAG, J.   The various motions made in this case are disposed of as follows: 1. The motion to dismiss the complaint for lack of capacity to sue.  The essence of this motion is that the directors of the corporation in whose behalf this derivative stockholder's suit is brought, acted reasonably and in the exercise of their independent, unbiased, business judgment in refusing to bring the action, and in resorting to another tri-

bunal to secure practical redress for the stockholders concerned.

It would serve no useful purpose to discuss in detail the involved transactions here complained of, the manipulations and intrigues of Hopson and some of his associates in dealing with the great public utility system under their control. To put it broadly, the action is one brought on behalf of Class A stockholders of General Gas & Electric Corporation and seeks redress on their behalf because of two main transactions: (1) a transfer in 1929 of four companies, subsidiaries of General Gas, to Associated Gas and Electric Company or its other subsidiaries; (2) the transfer in 1929 and 1930 of the assets of Binghamton Light, Heat & Power Company, one of those four companies, to New York State Electric & Gas Corporation, one of the subsidiaries of Associated Gas. General Gas, in whose behalf this suit is brought, was likewise a subsidiary of Associated Gas which is the top company of the whole Associated Gas and Electric System.

Associated Gas and Electric Company, the parent company, is in process of reorganization in the United States District Court for the Southern District of New York. That court appointed trustees of the debtor who by virtue of their office hold a majority of the voting stock of the General Gas & Electric Corporation. Those trustees of the parent company have, by virtue of their stock control of the various subsidiaries, named their directors including the directors of General Gas. The trustees themselves sit on the boards of the various subsidiaries.

With knowledge of the transactions complained of in this action, the directors of General Gas decided that it would be for the best interests of their corporation and particularly of the public stockholders, to present a plan for the reorganization of the company, to the Securities and Exchange Commission. It was their judgment that more could be accomplished for the public stockholders, under the broad jurisdiction of the Securities and Exchange Commission, than could possibly result from the institution of an action such as the present one with its attendant uncertainties, and with the danger, real rather than fanciful, that the Statute of Limitations would be a bar to redress for alleged wrongful acts occurring as far back as 1929. The proceedings before the Securities and Exchange Commission are now pending undetermined.

There seems to be an erroneous impression, entirely unwarranted by the authorities, that where a minority stockholder charges a cause of action existing in favor of his corporation

and the directors after demand fail to institute suit thereon, he may bring the action himself in a representative capacity for the benefit of the corporation by way of a derivative stockholder's suit.

The correct rule I believe to be that laid down in *Koch* v. *Estes* (146 Misc. 249, 252–253, affd. 240 App. Div. 829, affd. 264 N. Y. 480), as follows: " In order to permit a stockholder to sue it is not sufficient to show that the corporation has a claim against a third party on which the board of directors has refused to bring suit. If that were the case, courts would be deluged with suits, and the corporate form of doing business instead of being one of the most convenient methods would become one of the most precarious.

" Where it is not charged that the present board of directors in any way participated in the alleged wrongful acts, a stockholder, in order to maintain a suit on behalf of the corporation, must allege facts from which may reasonably be inferred:

" 1. The existence of a cause of action in favor of the corporation.

" 2. The refusal of the board of directors to sue, or that demand on the board to sue would be unavailing.

" 3. That the refusal to sue is due (a) to fraud, bad faith or misconduct on the part of the board amounting to a breach of trust; or (b) to inexcusable neglect on the part of the board, or indifference to the welfare of the corporation; or (c) that the board, in refusing to sue, was subjected to improper control or was otherwise not in a position to exercise fair, honest and independent judgment.

" There may of course be a breach of trust though no moral delinquency is involved. It must, however, appear from the complaint that the failure to sue was the result of a breach of duty on the part of the board. An error of judgment will not suffice. To put it as simply as possible, it must appear from the allegations of the complaint that in refusing to institute the action the board of directors were not acting in good faith as honest, diligent directors should act. (*Hawes* v. *Oakland*, 104 U. S. 450; *Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493; *United Copper Co.* v. *Amalgamated Copper Co.*, 244 U. S. 261; *Corbus* v. *Gold Mining Co.*, 187 id. 455; *Watson* v. *Consolidated Laundries Corp.*, 235 App. Div. 234; *Kelly Asphalt Block Co.* v. *Brooklyn Alcatraz Asphalt Co.*, 190 id. 750; [ revd. on other grounds, 191 App. Div. 922, and 232 N. Y. 304]; *Groel* v. *United Electric Co. of N. J.*, 70 N. J. Eq. 616.) "

The Court of Appeals in *Koral* v. *Savory, Inc.* (276 N. Y. 215) said: " The problem in this case is whether the plaintiff has alleged facts sufficient to show *prima facie, first,* that the *corporation* has a cause of action against the defendants named in the complaint, and *second,* that the refusal of the corporation or its receiver is not based upon the exercise of a reasonable discretion vested in the corporation or its receiver, but is itself a wrong to the stockholder; and, finally, that the plaintiff has exhausted all the means within his reach to compel action by the receiver in conformity with his wishes." (p. 218.)

" Since in this case the alleged wrongdoers are not in control of the corporation, the plaintiff must in his complaint allege other facts which justify the intervention of a court of equity in the administration of corporate officers where in the first instance, at least, discretion is vested in the receiver." (p. 219.)

The United States Supreme Court has laid down the rule as follows: " Whether or not a corporation shall seek to enforce in the courts a cause of action for damages is, like other business questions, ordinarily a matter of internal management, and is left to the discretion of the directors, in the absence of instruction by vote of the stockholders. Courts interfere seldom to control such discretion *intra vires* the corporation, except where the directors are guilty of misconduct equivalent to a breach of trust, or where they stand in a dual relation which prevents an unprejudiced exercise of judgment." (*United Copper Co.* v. *Amalgamated Copper Co.,* 244 U. S. 261, 263.)

Undoubtedly, the wrongful acts here complained of are most substantial in character. " The nature of the wrong and the amount involved are but incidents to be considered in the light of all the circumstances to determine whether the refusal to sue was the result of improper motives or inexcusable neglect." (*Koch* v. *Estes,* 146 Misc. 249, 254, *supra;* see, also, *Kessler & Co.* v. *Ensley Co.,* 129 F. 397.)

Here the alleged wrongdoers are in no way presently connected with the corporation. The present directors, nominated as such by officers of the Federal court, have no interest whatever in defeating or obstructing the claims here asserted, nor is there any privity or any connection whatsoever between them and the wrongdoers or any of them. Indeed, nothing has been set forth tending to show, nor is it contended, that the present directors have been actuated by any improper motive in refusing to bring the action.

It is urged, however, that because of the manner of their appointment, because they are designees of the Associated Gas

trustees, appointed by the Federal court, they stand in a dual relation, they occupy a position of divided loyalty which as a matter of law prevents "an unprejudiced exercise of judgment on their part."

In analogous situations the courts have held that the mere existence of this dual relation does not in and of itself invalidate the action of directors.

In a motion addressed to the sufficiency of a complaint, the Court of Appeals has said: "The plaintiff would have the court say that when directors-in-common of a parent corporation and its subsidiary are acting on the board of the subsidiary, their votes (irrespective of the merits and no matter what the consequences to the subsidiary) must be cast in the sole and exclusive interest of the parent corporation. This generalization, we think, is obviously unsound." (*Goldstein* v. *Tri-Continental Corp.*, 282 N. Y. 21, 27.)

In *Everett* v. *Phillips* (288 N. Y. 227, 236–237) decided after a trial, the Court of Appeals held: "The dual position of the directors making the unprejudiced exercise of judgment by them more difficult, should lead the courts to scrutinize these transactions with care * * *. It does not, however, alone suffice to render the transactions void * * *." (See, also, *Blaustein* v. *Pan American Petroleum & Transport Co.*, 263 App. Div. 97.)

But it is urged that the test as to "unprejudiced exercise of judgment" is different when applied to refusal to institute suit than it is when it is sought to invalidate contracts entered into by directors occupying a dual position. I see no substantial difference; but assuming that there is, the situation here presented is unusual. Here we are dealing with officers of the court, and directors appointed by them, men of standing, ability and integrity. There is here no room for any reaction of prejudice or bias, conscious or otherwise, due to the frailties of human nature. By no stretch of the imagination do these men stand to profit, one way or the other, as the result of the outcome of this litigation. We must look to the realities of the case. "Potentialities of domination" are here completely absent.

That the refusal of the directors to bring this suit rests upon a secure basis will be evident from the fact that, as I shall later point out, two of the defendants moved to dismiss because of the bar of the Statute of Limitations; I am holding that defense a complete bar as to one of the moving defendants, and as to the other the motion is held in abeyance pending a report by an

official referee as to whether or not the statute has been tolled. Moreover, the rights of many innocent persons have intervened since the original wrongful acts complained of. Companies have been merged, new securities issued, the stocks of these various companies have been pledged.

The directors presented the facts of these and other transactions to the Securities and Exchange Commission in the corporate simplification proceedings. The directors, in the exercise of their free and untrammeled judgment, had the right to decide not to bring a suit, hazardous as to outcome and illusory as to practical results, and to submit the matter to the Securities and Exchange Commission, before whom the proceedings for a fair, equitable and practical compromise could be worked out. (Cf. *Mendelsohn Bros. Factors, Inc.* v. *Sachs*, 253 App. Div. 270, affd. 279 N. Y. 604; *Continental Ins. Co.* v. *N. Y. & H. R. R. Co.*, 187 N. Y. 225.) Either the Commission will approve the pending plan or will require its modification to meet the standards of fairness and equity to those affected. The plaintiffs and others similarly situated may appear in the proceedings before the Commission. Moreover, the determination of the Commission is subject to review in the Federal courts.

Derivative stockholder's suits are permitted because they may be necessary " to prevent an absolute failure of justice." There is no such necessity here. It is unnecessary, and perhaps unwise, to lay down any rule of general application. It suffices to hold that there is no reason why, under the unusual and unique situation here existing, this court should assume that the plaintiffs, holding but a small part of the outstanding minority public-owned stock, are more concerned about the welfare of the corporation, more anxious to safeguard its interests, or better able to judge what steps should be taken to accomplish that result, than capable, disinterested directors who owe their appointment, not to any private interests, but in effect to the action of a judicial tribunal of competent jurisdiction. These directors have no axe to grind, they have no private interest or faction to serve; they are acting substantially as officers of the court. Their integrity is not impugned; their judgment, fairly and reasonably exercised, should prevail.

The motion to dismiss the complaint because of the plaintiffs' lack of capacity to sue is granted.

[The remainder of the opinion, which deals with motions by defendants to dismiss the complaint on the ground that the action is barred by the Statute of Limitations, is omitted, with the court's permission, because of its subordinate importance.]