**4**

**Marjorie D. KOGAN, Plaintiff,**

v.

**SCHENLEY INDUSTRIES, Inc., and Park & Tilford Distillers Corporation, Defendants.**

Civ. A. No. 1790.

United States District Court
D. Delaware.

Dec. 12, 1956.

James R. Morford (of Morford & Bennethum), Wilmington, Del., and Nathan B. Kogan, New York City, for plaintiff.

Louis J. Finger and Stephen E. Hamilton (of Richards, Layton & Finger), Wilmington, Del., and Robert S. Marx (of Nichols, Wood, Marx & Ginter), Cincinnati, Ohio, for defendant, Schenley Industries, Inc.

William Duffy, Jr., Wilmington, Del., for defendant, Park & Tilford Distillers Corp.

CALEB M. WRIGHT, District Judge.

This is a derivative shareholder's suit for treble damages predicated upon a violation of the Clayton Act.[1] While the factual background is complex, the following brief summarization will suffice in order to dispose of the motion now under consideration.

Defendant, Schenley Industries, Inc., (hereinafter referred to as Schenley) became the majority shareholder of the nominal defendant, Park & Tilford Distillers Corporation (hereinafter referred to as Park & Tilford) by acquiring 88 percent of the issued and outstanding capital stock of Park & Tilford. As a result of the stock acquisitions and subsequent actions taken by Schenley, as the majority shareholder of Park & Tilford, it is alleged Park & Tilford lost a number of valuable franchises[2] for the sale of certain alcoholic beverages. The stock acquisitions and the acts subsequent thereto by Schenley are asserted to be a violation of the Clayton Act, specifically 15 U.S.C.A. §§ 15 and 18.[3] The damages from the loss of the franchises

---

1. 38 Stat. 731 (1914), 15 U.S.C.A. § 15, re-enacting 26 Stat. 210 (1890).

2. An enumeration of the lost franchises are: Vat 69 Scotch Whiskey, Martel's Cognac Brandy, Harveys Port, Sherry and other wines, Booth's Gin, Veille Cure French Liqueur, M.A.B. Cordials and Heidsieck & Co. Dry Monopole Champagne.

3. 15 U.S.C.A. § 18 provides in pertinent part:
"No corporation engaged in commerce shall acquire, directly or indirectly, the whole or any part of the stock or other share capital and no corporation subject to the jurisdiction of the Federal Trade Commission shall acquire the whole or any part of the assets of another corporation engaged also in commerce, where in any line of commerce in any section of the country, the effect of such acquisition may be substantially to lessen competition, or to tend to create a monopoly."

15 U.S.C.A. § 15 provides:
"Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court

are alleged to be the result of violations of the Clayton Act.

The defendant, Schenley, has moved for judgment on the pleadings. The motion raises the question of whether plaintiff, a minority shareholder of Park & Tilford, may maintain a derivative suit for treble damages under the Clayton Act.

Prior to the adoption of the Federal Rules of Civil Procedure,[4] decisional law of the Supreme Court thwarted minority shareholders in their attempts to recover treble damages on behalf of recalcitrant corporations for injuries suffered as a result of anti-trust violations.[5] If the action were brought in equity recovery was barred on the theory the treble damage provision of the Clayton Act envisaged a law action with the resultant right in the defendant to a jury determination of factual issues relating to a

violation of the statute.[6] If the action were brought at law, relief was denied since derivative suits could only be maintained in equity.[7]

Whether the adoption of the Federal Rules of Civil Procedure altered the effect of the earlier decisions of the Supreme Court was first considered in the case of Fanchon & Marco, Inc., v. Paramount Pictures, S.D.N.Y.1952, 107 F. Supp. 532. The District Court in that case held the Federal Rules of Civil Procedure did not change the result.[8] The decision of the District Court was criticized [9] and reversed by the Court of Appeals [10] with one judge dissenting.

The right of a shareholder to maintain a derivative action for violation of the anti-trust laws has never been denied by the Supreme Court. In fact, the court conceded such a right did exist, but denied enforcement of the right because of

---

of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

4. Federal Rules of Civil Procedure, 28 U.S.C. (1946) following § 723c, Act of June 19, 1934.

5. United Copper Securities Co. v. Amalgamated Copper Co., 1917, 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119 (alternative holding); Fleitmann v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505; Corey v. Independent Ice Co., D.C.D.Mass.1913, 207 F. 459.

6. Fleitmann v. Welsbach Street Lighting Co., 1916, 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505.

7. United Copper Securities Co. v. Amalgamated Copper Co., 1917, 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119 (alternative holding).

8. Fanchon & Marco, Inc., v. Paramount Pictures, S.D.N.Y.1952, 107 F.Supp. 532 at page 541.
"The new Federal Rules of Civil Procedure, which went into effect in September 1938, have not set aside the two Supreme Court decisions. The new

Rules have abolished some of the procedural distinctions between law and equity as well as distinctions in forms of action. [Citing cases.] A single form of action is provided for in Rule 2, F.R. C.P., 28 U.S.C.A., but the basic difference between law and equity has not been changed. [Citing cases.]
"The question we deal with here is one of substance rather than procedure. The derivative nature of the stockholder's suit requires that it be brought in equity. The stockholder sues not on his own right, but he seeks to enforce a right of the corporation. Although a corporation may maintain an action for treble damages at law, a stockholder suing derivatively may not do so because the Supreme Court has interpreted the anti-trust laws as limiting the recovery of the treble damages to those recoverable 'through the verdict of a jury in a court of common law'. [240 U.S. 27, 36 S.Ct. 234.] The fact that the new Federal Rules permit the joinder in one action of legal and equitable claims, Ring v. Spina, 2 Cir., 166 F.2d 546, a matter of procedure, does not alter the principles laid down by the Supreme Court in the Fleitmann and United Copper Co. cases."

9. Comment, 52 Col.L.R. 1069.

10. Fanchon & Marco, Inc., v. Paramount Pictures, 2 Cir., 1953, 202 F.2d 731.

**6**

insurmountable procedural difficulties. In Fleitmann v. Welsbach Street Lighting Co.,[11] a derivative suit under the Sherman Anti-Trust Act,[12] the Supreme Court affirmed the dismissal by the District Court of the bill in equity for statutory treble damages under the Act. The lack of procedural device in equity to provide for a jury trial is the ratio decidendi of the court's decision in that case:

"No doubt there are cases in which the nature of the right asserted for the company, or the failure of the defendants concerned to insist upon their rights, or a different state system, has led to the whole matter being disposed of in equity; but * * * when a penalty of triple damages is sought to be inflicted, the statute should not be read as attempting to authorize liability to be enforced otherwise than through the verdict of a jury in a court of common law * *."[13]

Justice Brandeis, speaking for the court in United Copper Securities Co. v. Amalgamated Copper Co.[14] a derivative suit at law seeking treble damages under the Sherman Anti-Trust Act, stated, "Insuperable obstacles to the maintenance of the action are presented both by the substantive law and by the law of procedure." After discussing the substantive law obstacles,[15] which are not present in this case, the court stated:

"But even if the circumstances were such as to justify individual stockholders in seeking the aid of the court to enforce rights of the corporation, it is clear that their remedy is not at law. The particular equitable relief sought in Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L. Ed. 505, was denied; but this denial affords no reason for assuming that the long-settled rule under which stockholders may seek such relief only in a court of equity will be departed from because the cause of action involved arises under the Sherman Law." United Copper Securities Co. v. Amalgamated Copper Co., supra, 244 U.S. at pages 264–265, 37 S.Ct. at page 511.

The procedural distinctions between actions at law and in equity ceased to exist upon the adoption of the Federal Rules of Civil Procedure. Rule 2 of the Federal Rules of Civil Procedure[16] provides: "There shall be one form of action to be known as 'civil action.'" This one civil action now encompasses all actions which were formerly at law or in equity. The procedural dilemma which formerly barred a derivative suit for threefold damages under the anti-trust laws has been eliminated by the adoption of the Federal Rules of Civil Procedure.[17] There is no longer anything to prevent a minority shareholder from maintaining a derivative suit for treble damages resulting from violation of the Clayton Act, 15 U.S.C.A. § 15.[18]

Defendant's motion for judgment on the pleadings is denied.

An order in accordance herewith may be submitted.

11. 1916, 240 U.S. 27, 36 S.Ct. 233, 60 L. Ed. 505.

12. 15 U.S.C.A. § 1 et seq.

13. Fleitmann v. Welsbach Street Lighting Co. supra, 240 U.S. at pages 28–29, 36 S.Ct. at page 234.

14. 1917, 244 U.S. 261, 37 S.Ct. 509, 510, 61 L.Ed. 1119.

15. There was no allegation in the United Copper Securities Co. v. Amalgamated Copper Co. case, that United Copper Co. was in control of the alleged wrongdoer or that the directors of United Copper Co. had been guilty of any misconduct whatsoever, nor that their action in refusing to bring the suit was unwise.

16. F.R.C.P., 28 U.S.C.

17. Equitable and legal relief have been combined in anti-trust cases, Sablosky v. Paramount Films Distributing Corp., D. C.1952, 13 F.R.D. 138.

18. Fanchon & Marco, Inc. v. Paramount Pictures, supra.