NORTE & CO., Plaintiff,

v.

Edward KROCK

and

Defiance Industries, Inc., Defendants.

Civ. A. No. 64–735.

United States District Court
D. Massachusetts.

June 3, 1965.

Morris R. Spelfogel, Boston, Mass., for plaintiff.

Edward J. McCormack, Jr., Boston, Mass., for defendants.

SWEENEY, Chief Judge.

This is a stockholders' derivative action brought on behalf of Defiance Industries, Inc., an Ohio corporation (hereinafter, Defiance). Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.

The complaint alleges that the defendant Krock, who became a director of Defiance about June 20, 1962, and two other directors, Robert L. Huffines and Victor Muscat[1] dominated and controlled the business, policies and affairs of Defiance during the period in issue—1962. They "and their associates also controlled and largely owned Industrial and Insurance Enterprises, Inc." (hereinafter, IIE). The gist of the charge is that these persons, in breach of their fiduciary duty in a self-dealing transaction, caused Defiance to exchange its stock for all of their IIE stock. As a result, the defendant Krock, and Huffines, Muscat and their associates increased their 32% interest in Defiance to a 62% interest. They also assured payment of a large debt owed them by IIE as "Defiance in effect assumed the ultimate obligation of discharging the outstanding indebtedness of IIE."

The defendant Krock has moved to dismiss the action on the grounds 1) that the complaint does not comply with Rule 23(b) in that the plaintiff failed to set forth with particularity its efforts "to secure from the managing directors * * and, if necessary, from the shareholders such action as he desires," or the reasons for not making such effort; and 2) that the complaint fails to state that the plaintiff has made demand upon the shareholders or that such demand was excused under the law of Massachusetts.

I

■ Paragraph 17 of the complaint alleges that "demand by plaintiff that the Board of Directors of Defiance bring this action was not made and would have been futile because the majority of the members of the Board of Directors are dominated and controlled by defendant Krock and said Huffines and Muscat and participated in, approved and acquiesced in said wrongs and are liable therefor. They could not and would not have diligently prosecuted this action because they would have had to bring it against themselves."

When it is clear that the demand upon the directors would be rejected by them, courts have dispensed with the requirement that demand be made. 3 Moore, Federal Practice, para. 23.19 at 3526 (2d ed. 1964). It is not clear from the complaint in this action whether the entire Board of Directors is involved in the alleged wrongdoing, although the pendency of suits in other jurisdictions against five directors other than Krock would indicate any demand to be an empty formality. However, as noted above, the complaint does not set forth any particular facts to show that demand would indeed be futile, and in that respect it does not conform to Rule 23(b). Accordingly, the complaint may be dismissed.

II

■■ Rule 23(b) provides also that the plaintiff shall set forth with particu-

---

1. Huffines, Muscat and three other directors are defendants in actions pending in New York and Connecticut. They are not amenable to process in this jurisdiction.

larity his efforts to secure " * * * if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort." Whatever questions of conflict of laws under Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Rule has raised, there is no question that it states at least a procedural obligation to plead certain facts. Levitt v. Johnson, 222 F.Supp. 805 (D.C. Mass.1963), reversed on other grounds 334 F.2d 815 (1st Cir. 1964); Abraham v. Parkins, 36 F.Supp. 238 (W.D.Pa. 1940). This, the plaintiff has failed to do and for that reason, as well, the motion to dismiss is allowed.

### III

In view of these deficiencies of the complaint it is not now necessary to resolve the question what "substantive" conditions precedent, if any, the plaintiff shareholder must meet, that is, which law governs the plaintiff's right to present derivatively the corporation's claim and whether he must make demand upon his fellow shareholders.