**Wayne WESTGOR, individually and as a minority shareholder of Winton's, Inc., Appellant,**

v.

**Harvey W. GRIMM, Charles W. Grimm, Arlene M. Grimm and Winton's, Inc., Respondents.**

No. 81–455.

Supreme Court of Minnesota.

April 16, 1982.

Olsen, Snelling & Christensen and Ronald L. Snelling, Edina, for appellant.

Schlagel, Legler, Nelson & Rosenblad, St. Paul, for respondents.

WAHL, Justice.

Plaintiff Wayne Westgor brought this action on behalf of himself and Winton's, Inc. (the corporation) against defendants (the Grimms), who are all owners and directors of Winton's, Inc. Westgor alleged defendants' breach of fiduciary duty, fraud and waste of corporate assets. He sought an accounting, the involuntary dissolution of Winton's, and damages. The Sherburne County District Court found that Westgor had not established his claims and dismissed the case on its merits at the close of his case-in-chief. We affirm in part, reverse in part and remand.

The Grimms incorporated Winton's for the purpose of acquiring and operating a motel in New Ulm, Minnesota. Westgor, who was the broker on the sale of the motel, received 4,000 shares of stock in Winton's as part of his sales commission. His shares represent 16⅔% of the outstanding shares of Winton's, the remainder of which are owned by the Grimm family.

Westgor claims that the Grimms breached their fiduciary duties to the corporation on three occasions, two of which have to do with the sale of the motel. After running the motel for 5 years, Harvey Grimm and his wife, Arlene, sold the business for $450,000 and used $30,000 of the cash down payment to pay themselves back wages. Westgor objects to this payment. He also objects to the failure of Harvey Grimm to bring an action on behalf of the corporation against an attorney who had advised liquidation of Winton's at the time of the motel sale. After selling the motel, the Grimms found that liquidation would have severe adverse tax consequences for the corporation.

Westgor further objects to Winton's sale of a model home to Charles Grimm, the son of Arlene and Harvey and a director of Winton's. After selling the motel, Winton's went into the cattle business for a year, then obtained a franchise to sell Wausau homes. In 1975, Winton's abandoned the Wausau home business and sold its model home to Charles Grimm for $45,000. With the exception of payments on the principal balance, Winton's paid all expenses associated with owning and maintaining the home for a 2-year period after the sale to Charles. The record indicates that defendants lived in the model home at some time during that 2-year period, and Harvey Grimm testified that Winton's was using the home as an office at the time.

Winton's is now dormant. It remains the vendor on the contract under which it sold the motel and continues to pay on a loan which it obtained for improvements on the motel. The difference between income and expenses yields the corporation about $1,105 per month.

The trial court dismissed Westgor's claim upon the merits, finding that he had not established grounds for an involuntary dissolution or for defendant's breach of fiduciary duty, fraud, and waste. The trial court also found that Westgor had not established an individual claim for damages but made no finding on the issue of his right to an accounting. Westgor appeals from the judgment of dismissal.

■ We affirm the trial court's dismissal of all claims except that of breach of fiduciary duty. The record cannot sustain an action in fraud because Westgor did not state his claim with particularity. Minn.R. Civ.P. 9.02. He has no individual cause of action because a right of action for diversion of corporate funds is in the corporation, not the individual. *Seitz v. Michel*, 148 Minn. 80, 181 N.W. 102 (1921). Westgor has also failed to show that the Grimms' activities justify an involuntary dissolution of Winton's under Minn.Stat. § 301.49 (1980). The claim of breach of fiduciary duty, however, is more complex.

■■ It is clear that a director or controlling shareholder stands in a fiduciary relationship to the corporation. *Pepper v. Litton*, 308 U.S. 295, 306, 60 S.Ct. 238, 245, 84 L.Ed. 281 (1939). However, we have traditionally been reluctant to interfere with the inner ·workings of a corporation.

*Warner v. E. C. Warner Co.*, 226 Minn. 565, 33 N.W.2d 721 (1948). In order to establish a claim which would show breach of fiduciary duty, a "plaintiff must allege facts which show that the action attacked is so far opposed to the true interests of the corporation as to lead to the clear inference that no officer thus acting could have been influenced by an honest desire to secure such interests." *Id.* at 573, 33 N.W.2d at 726 (citations omitted).

Westgor has not alleged sufficient facts to show that the Grimms breached their fiduciary duties to the corporation by failing to assert a claim against Winton's former attorney. "Whether or not a corporation shall seek to enforce in the courts a cause of action for damages is, like other business questions, ordinarily a matter of internal management and is left to the discretion of the directors * * *." *United Copper Securities Co. v. Amalgamated Copper Co.*, 244 U.S. 261, 263, 37 S.Ct. 509, 510, 61 L.Ed. 1119 (1917).

The other two directors' decisions—to pay themselves back salaries and to sell the home to Charles—must be examined more carefully, because they are circumstances in which a director is dealing with the corporation. In such situations, courts have recognized a shift in the burden of proof:

> Their [directors'] dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation is challenged the burden is on the director or stockholder not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein. * * * The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain.

*Pepper v. Litton*, 308 U.S. at 306, 60 S.Ct. at 245, quoted in *In re Fergus Falls Woolen Mills Co.*, 41 F.Supp. 355, 364 (D.Minn.1941). The United States Supreme Court has compared this type of transaction to that between two corporations having a common

director. *Geddes v. Anaconda Copper Mining Co.*, 254 U.S. 590, 41 S.Ct. 209, 65 L.Ed. 425 (1921). There the court indicated that all such situations are "regarded * * * jealously by the law * * *, and where the fairness of such transactions is challenged the burden is upon those who would maintain them to show their entire fairness." *Id.* at 599, 41 S.Ct. at 212.

Westgor has established that Arlene and Harvey Grimm paid themselves back salaries after the sale of the motel and that Winton's sold its model home to one of its directors, Charles Grimm. The burden of proving that each of these transactions was in the interests of the corporation is now on the defendants. We, therefore, remand this case so that the trial court can conduct an accounting of Winton's and take defendants' testimony on these issues.

A trial court is required to make findings when, at the close of plaintiff's case, it renders judgment on the merits against the plaintiff. Minn.R.Civ.P. 52.01. In this case the court made four conclusory findings which, although they were designated "Findings of Fact," are, in reality, conclusions of law. Since the failure to find specific facts has hampered our review of the trial court's decision, the trial court should, upon remand, make specific findings of fact.

We remand the case to the trial court for further proceedings to (1) take testimony from defendants' witnesses, (2) make the necessary factual findings, and (3) conduct an accounting of Winton's.

Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.

YETKA, Justice (concurring specially).

I agree the case must be remanded. If plaintiff can show that the actions of defendants were inimical to the corporation, I would hold that the trial court would be justified in ordering a dissolution under Minn.Stat. § 301.49 (1980) on the ground that there was persistent unfairness to minority shareholders.