**Donald E. SKOGLUND, Appellant,**

v.

**Dennis J. BRADY, Michael J. Brady, Robert Venne, Bohdan Kramarczuk, Dean Wohlhuter, Gepner & Gepner, P.A.,**

**and**

**Instrumentation Services, Inc., Respondents.**

**No. C9–95–1037.**

Court of Appeals of Minnesota.

Dec. 19, 1995.

Review Denied Feb. 27, 1996.

James H. Kaster, Nichols, Kaster & Anderson, Minneapolis, for Donald E. Skoglund.

Fred Burstein, Dylan J. McFarland, Burstein, Hertogs, Olsen & McFarland, Minneapolis, for Dennis J. Brady, Michael J. Brady, Robert Venne, Bohdan Kramarczuk, Dean Wohlhuter, Gepner & Gepner, P.A.

Gene A. Hoff, Henretta, Cross, Ness & Dolan, Minnetonka, for Instrumentation Services, Inc.

Considered and decided by PETERSON, P.J., and KALITOWSKI and SCHUMACHER, JJ.

## OPINION

PETERSON, Judge.

Donald E. Skoglund appeals from a judgment dismissing his direct and shareholder derivative claims against Instrumentation Services, Inc. (ISI) and the members of ISI's board of directors.

## FACTS

Respondent ISI is a closely held corporation that designs and repairs electrical instruments. The members of its board of directors are Dennis J. Brady, Michael J. Brady, Robert Venne, Bohdan Kramarczuk, and Dean Wohlhuter.

Appellant Donald Skoglund, an ISI shareholder, objected to building and equipment leases authorized by the board, promissory notes ISI issued to Dennis and Michael Brady, bonuses paid to Dennis and Michael Brady, the issuance of additional shares of ISI stock, and the sale of some of the newly issued shares to Dennis Brady in exchange for forgiveness of a debt owed to Brady. Skoglund alleged that the directors breached fiduciary duties, usurped corporate opportunities, and committed waste and fraud.

ISI's board appointed a special litigation committee of one, attorney James A. Stein, to investigate Skoglund's shareholder derivative claims. The committee retained the accounting firm of Devine, Scherzer & Brody, Ltd. to help with the investigation. Neither Stein nor the accounting firm had any prior relationship with ISI, its directors, or Skoglund.

The committee found the board did not obtain required authorization for the leases, promissory notes, or forgiveness of the debt owed to Dennis Brady as consideration for the stock purchase. But the committee found that given ISI's financial position, the building and equipment leases were reasonable, the promissory notes to Dennis and Michael Brady were in ISI's best interest, the approval of bonuses paid to Dennis and Michael Brady was not improper, and, if the

stock had been issued properly, exchanging stock for the forgiveness of a debt owed to Dennis Brady would have been reasonable.

The committee determined that the corporation was not damaged by the leases, the promissory notes, or the exchange of stock for the forgiveness of debt. The only damage the committee found was the corporate waste committed by issuing additional stock at $0.85 per share, about one-half the stock's book value. But the committee recommended against pursuing the corporate waste claim because the expenses associated with the lawsuit probably already had exceeded the $54,000 in damages.

The district court dismissed Skoglund's derivative claims on grounds that a special litigation committee appointed to investigate Skoglund's allegations was independent and conducted its investigation in good faith. The district court dismissed Skoglund's direct claims on grounds that Skoglund did not allege any injury to himself that was separate and distinct from an injury to the corporation.

## ISSUES

I. Did the district court err in dismissing Skoglund's shareholder derivative claims on grounds that the special litigation committee was independent from ISI and conducted its investigation impartially and in good faith?

II. Did the district court err in determining that Skoglund was not entitled to bring his direct claims pursuant to Minn.Stat. § 302A.751 (1992)?

## ANALYSIS

### I.

On appeal from a summary judgment, this court must examine the record to determine whether any genuine issues of material fact exist and whether the district court properly applied the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). This court must view the evidence in the light most favorable to the nonmoving party. *Id.*

██ This court need not defer to the district court's decision on a legal issue. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn. 1984). Statutory construction is a question of law subject to de novo review. *Meister v. Western Nat'l Mut. Ins. Co.,* 479 N.W.2d 372, 376 (Minn.1992).

Before 1989, Minn.Stat. § 302A.243 (1988) provided:

> Unless prohibited by the articles or by-laws, the board may establish a committee composed of two or more disinterested directors or other disinterested persons to determine whether it is in the best interests of the corporation to pursue a particular legal right or remedy of the corporation and whether to cause the dismissal or discontinuance of a particular proceeding that seeks to assert a right or remedy on behalf of the corporation. For purposes of this section, a director or other person is "disinterested" if the director or other person is not the owner of more than one percent of the outstanding shares of, or a present or former officer, employee, or agent of, the corporation or of a related corporation and has not been made or threatened to be made a party to the proceeding in question. The committee, once established, is not subject to the direction or control of, or termination by, the board. A vacancy on the committee may be filled by a majority vote of the remaining members. The good faith determinations of the committee are binding upon the corporation and its directors, officers, and shareholders. The committee terminates when it issues a written report of its determinations to the board.

This court construed section 302A.243 as precluding

> courts from reviewing the merits of a recommendation to dismiss a shareholder's derivative action when that recommendation is made by a disinterested committee conducting its investigation in good faith.

*Black v. NuAire, Inc.,* 426 N.W.2d 203, 209–10 (Minn.App.1988), *review denied* (Minn. Aug. 24, 1988). This court noted that the business judgment rule, which

> vests responsibility for decision making in the corporation's board of directors and precludes stockholders from disrupting the board's decision through derivative actions where the board has determined a particular action is not in the corporation's best interest

had been applied to a corporation's litigation decisions by the United States Supreme Court as early as 1917. *Id.* at 210 (citing *United Copper Sec. Co. v. Amalgamated Copper Co.,* 244 U.S. 261, 263–64, 37 S.Ct. 509, 510, 61 L.Ed. 1119 (1917)). The court noted that courts are "ill-equipped to evaluate business judgments while corporate directors [are] peculiarly qualified to discharge that responsibility." *Id.* (citing *Auerbach v. Bennett,* 47 N.Y.2d 619, 419 N.Y.S.2d 920, 926–27, 393 N.E.2d 994, 1000 (1979)).

In 1989, the legislature repealed Minn. Stat. § 302A.243. 1989 Minn.Laws ch. 172, § 11. The legislature stated:

> Notwithstanding any contrary provision of Minnesota Statutes, chapter 645, the repeal of Minnesota Statutes, section 302A.243, does not imply that the legislature has accepted or rejected the substance of the repealed section but must be interpreted in the same manner as if section 302A.243 had not be [sic] enacted.

*Id.,* § 12.

Special litigation committees are now governed under Minn.Stat. § 302A.241, subd. 1 (Supp.1993):

> A resolution approved by the affirmative vote of a majority of the board may establish committees having the authority of the board in the management of the business of the corporation only to the extent provided in the resolution. Committees may include a special litigation committee consisting of one or more independent directors or other independent persons to consider legal rights or remedies of the corporation and whether those rights and remedies should be pursued. Committees other than special litigation committees * * * are subject at all times to the direction and control of the board.

██ Since section 302A.243 was repealed, Minnesota's appellate courts have not consid-

ered what standard of review courts should apply to special litigation committee decisions. Skoglund argues that in light of the repeal of section 302A.243, courts should apply a stricter scrutiny to the independence of a special committee and should conduct a substantive review of a special committee's decisions. We disagree.

The legislature expressly stated that repealing section 302A.243 was not intended to convey any legislative intent with regard to the substance of the repealed section. 1989 Minn.Laws ch. 172, § 12. This court's interpretation of the section in *Black*, therefore, was not affected by the repeal. And section 302A.241, subd. 1, which is the current statutory authority for special litigation committees, does not establish a standard of review courts should apply when reviewing committee decisions. We conclude, therefore, that this court's decision in *Black* sets forth the standard of review to be applied by courts reviewing a recommendation of a special litigation committee. The district court properly refrained from conducting a substantive review of the special litigation committee's recommendation and properly limited its review to determining whether the special litigation committee was independent and conducted its review in good faith.

On appeal, Skoglund claims there is a question of fact as to whether the special litigation committee was independent because the defendants in his action comprised a majority of the board that appointed the committee. Because Skoglund did not claim in the district court that the committee was not independent, we will not consider this claim on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988)(issue not raised or argued to district court will not be decided for first time on appeal).

## II.

Under Minnesota law, an individual shareholder generally may not assert a cause of action that belongs to the corporation. *Arent v. Distribution Sciences, Inc.*, 975 F.2d 1370, 1372 (8th Cir.1992)(*cited in Northwest Racquet Swim & Health Clubs, Inc. v. Deloitte & Touche*, 535 N.W.2d 612, 617–18 n. 5 (Minn.1995)). A shareholder may bring a direct action when the shareholder alleges a direct injury to the shareholder that is separate and distinct from the injury to the corporation. *Arent*, 975 F.2d at 1372–74. To determine whether a claim belongs to the corporation rather than to its shareholders, the relevant inquiry is "whether '[t]he injury to each stockholder is of the same character.'" *Id.* at 1372 (quoting *Seitz v. Michel*, 148 Minn. 80, 87–88, 181 N.W. 102, 105 (1921)).

Minn.Stat. § 302A.751, subd. 1 (1992) provides:

> A court may grant any equitable relief it deems just and reasonable in the circumstances or may dissolve a corporation and liquidate its assets and business:

> \*  \*  \*  \*  \*  \*

> (b) In an action by a shareholder when it is established that:

> (1) the directors or the persons having the authority otherwise vested in the board are deadlocked in the management of the corporate affairs and the shareholders are unable to break the deadlock;

> (2) the directors or those in control of the corporation have acted fraudulently, illegally, or in a manner unfairly prejudicial toward one or more shareholders in their capacities as shareholders, directors, or officers, or as employees of a closely held corporation;

> (3) the shareholders of the corporation are so divided in voting power that, for a period that includes the time when two consecutive regular meetings were held, they have failed to elect successors to directors whose terms have expired or would have expired upon the election and qualification of their successors;

> (4) the corporate assets are being misapplied or wasted; or

> (5) the period of duration as provided in the articles has expired and has not been extended as provided in section 302A.801.

The supreme court has indicated that a separate and distinct injury is required for a shareholder to bring an action under section 302A.751, subd. 1:

While Minn.Stat. § 302A.751, subd. 1 (1988) does expand the options of shareholders to bring actions seeking personal damages, as distinguished from derivative damages, the equitable remedy expanded does not replace the traditional derivative action. For example, in *Masinter v. WEBCO Co.,* 164 W.Va. 241, 255, 262 S.E.2d 433, 442 (1980), * * * the West Virginia Court of Appeals clearly delineated the distinction between an equitable oppressive suit under a similar statute and a shareholder's derivative suit, and, in doing so, reaffirmed its rule that courts should utilize the traditional analysis to determine whether the suit is derivative.

*PJ Acquisition Corp. v. Skoglund,* 453 N.W.2d 1, 6 (Minn.1990). Skoglund does not allege an injury to himself that is separate and distinct from any injury to the corporation. The district court properly dismissed Skoglund's direct action.

## DECISION

Because the recommendation to dismiss Skoglund's derivative action was made by an independent committee that conducted its investigation in good faith, the district court properly dismissed Skoglund's shareholder derivative action. Because Skoglund did not allege an injury to himself that is separate and distinct from any injury to the corporation, the district court properly dismissed Skoglund's direct action.

**Affirmed.**