Richard ASH, On Behalf of Himself and Sperry Rand Corp., Ginn & Company, Harper & Row, Inc. and Science Research Associates, Appellants,

v.

INTERNATIONAL BUSINESS MACHINES, INC.

No. 15231.

United States Court of Appeals Third Circuit.

Argued Sept. 23, 1965.

Decided Nov. 17, 1965.

Rehearing Denied Dec. 13, 1965.

---

1. These petitions were given docket numbers 3699HC, and 3795HC in the district court.

Richard A. Ash, Philadelphia, Pa., pro se.

Philip H. Strubing, Philadelphia, Pa., K. Robert Conrad, Pepper, Hamilton & Scheetz, Philadelphia, Pa., Cravath, Swaine & Moore, New York City, on the brief, for appellee.

Before McLAUGHLIN, HASTIE and FREEDMAN, Circuit Judges.

HASTIE, Circuit Judge.

Invoking the jurisdiction of the district court under sections 15 and 16 of the Clayton Act, 15 U.S.C. §§ 25 and 26, the plaintiff instituted this private civil action to enjoin the defendant, International Business Machines, Inc., (here- after abbreviated "IBM") from acquiring the assets of another corporation, Science Research Associates, Inc. The complaint alleged that the effect of this acquisition would be a substantial lessening of competition in one or more lines of commerce, particularly in the field of "educational training materials" in violation of section 7 of the Clayton Act, 15 U.S.C. § 18.

On motion, the district court dismissed the complaint upon the ground that the plaintiff lacked standing to sue. E.D.Pa. 1964, 236 F.Supp. 218. The plaintiff has appealed from that ruling.

The complaint asserts that the plaintiff is suing both in his own right and derivatively as a stockholder of each of three corporations, Harper & Row, Inc. and Ginn & Company, with which the defendant will compete in the development and marketing of educational training materials, and Sperry Rand Corp., a competitor in the field of electronic computers.[1] The essence of the stated claim is that the acquisition of Science Research Associates by IBM will weaken the competitive position of Ginn, Sperry Rand, and Harper & Row because of the vast financial resources of IBM and certain prospective adaptations of electronic computors, in the development and production of which IBM is a leader.

The complaint also alleges that the directors of these competing corporations have rejected the plaintiff's demand that they sue IBM, and that, because of these refusals, the plaintiff, as a minority stockholder of each of the injured corporations, is now entitled to sue in the name of and on behalf of the corporations. However, nothing is pleaded or even suggested to indicate that the refusal of the directors to sue was fraudulent or collusive, or represented anything worse than unsound business judgment honestly exercised in the corporate interest.

We agree with the district court that this deficiency is fatal to the plain-

---

1. A claim asserted in the name of Science Research Associates has been abandoned. It appears that the assets of that corporation have been liquidated and almost all of the proceeds have been distributed. A certificate of dissolution has been filed with the appropriate officer of the state of incorporation.

tiff's claim of standing to sue derivatively. The Supreme Court and, following it, the Courts of Appeals have repeatedly stated and applied the doctrine that a stockholder's derivative action, whether involving corporate refusal to bring anti-trust suits or some other controversial decision concerning the conduct of corporate affairs, can be maintained only if the stockholder shall allege and prove that the directors of the corporation are personally involved or interested in the alleged wrongdoing in a way calculated to impair their exercise of business judgment on behalf of the corporation, or that their refusal to sue reflects bad faith or breach of trust in some other way. Hawes v. City of Oakland, 1881, 104 U.S. 450, 26 L.Ed. 827; United Copper Securities Co. v. Amalgamated Copper Co., 1917, 244 U.S. 261, 37 S.Ct. 509, 61 L.Ed. 1119; Coast v. Hunt Oil Co., 5th Cir. 1952, 195 F.2d 870, cert. denied, 344 U.S. 836, 73 S.Ct. 46, 97 L.Ed. 651; Swanson v. Traer, 7th Cir. 1957, 249 F.2d 854; Stadin v. Union Electric Co., 8th Cir. 1962, 309 F.2d 912, cert. denied, 373 U.S. 915, 83 S.Ct. 1298, 10 L.Ed.2d 415; and see our elaborate discussion of this line of cases in Rogers v. American Can Co., 3 Cir. 1962, 305 F.2d 297. Prevailing doctrine in the state courts is to the same effect. See 13 Fletcher, Cyclopedia of the Law of Private Corporations § 5822.

One of the frequently quoted statements of this doctrine is that of Mr. Justice Brandeis, concurring in Ashwander v. T.V.A., 1936, 297 U.S. 288, 343, 56 S.Ct. 466, 481, 80 L.Ed. 688: "[Stockholders] cannot secure the aid of a court to correct what appear to them to be mistakes of judgment on the part of the officers. * * * This rule applies whether the mistake is due to error of fact or of law, or merely to bad business judgment. It applies * * * where the mistake alleged is the refusal to assert a seemingly clear cause of action * * *."

Also meriting particular mention because of its direct applicability here is the holding of the Court in United Copper Securities Co. v. Amalgamated Copper Co., supra, that a stockholder's complaint seeking to assert derivatively his corporation's right to attack a competitor's violation of the anti-trust laws is fatally defective in failing to allege that the injured corporation "is in the control of the alleged wrongdoers, or that its directors stand in any relations to them, or that they have been guilty of any misconduct whatsoever". 244 U.S. at 264, 37 S.Ct. at 510.

A few decisions suggest that factors other and less compelling than bad faith or bias may, in the view of a court exercising this equitable jurisdiction, suffice to disqualify directors from representing the corporate interest and thus make it permissible that a minority stockholder sue for the corporation. Ashwander v. T. V. A., supra, (stockholder's standing predicated upon alleged unconstitutionality of the questioned transaction); Hill v. Wallace, 1922, 259 U.S. 44, 42 S.Ct. 453, 66 L.Ed 822 (directors' refusal to act allegedly based upon fear); cf. Klebanow v. New York Produce Exchange, 2d Cir. 1965, 344 F.2d 294. But, even if there may be disqualifying circumstances other than bad faith or bias, no suggestion of any such circumstance appears in this case. Therefore, the district court's ruling that the plaintiff lacked standing to sue derivatively was correct.

In addition to his derivative claim the plaintiff has pleaded that section 4 of the Clayton Act, 15 U.S.C. § 15 enables a "person * * * injured in his business or property" by conduct violative of the anti-trust laws to sue in his own right, and that the plaintiff has been so injured. However, the complaint discloses that the hurtful effect of IBM's conduct upon the value of his stock in competing corporations is the only injury he claims to have suffered.

██ Such harm is not enough to make the plaintiff a "person * * * injured in his business or property" within the meaning of section 4 of the Clayton Act. The courts have consistently ruled that this language does not include the indirect harm that an individual may suffer as a stockholder through injury in-

flicted upon a corporation. Loeb v. Eastman Kodak Co., 3d Cir. 1910, 183 F. 704; Martens v. Barrett, 5th Cir. 1957, 245 F.2d 844; Continental Securities Co. v. Michigan Central R. R., 6th Cir. 1926, 16 F.2d 378, cert. denied, 274 U.S. 741, 47 S.Ct. 587, 71 L.Ed. 1320; Gomberg v. Midvale Co., E.D.Pa.1955, 157 F.Supp. 132, appeal dismissed for mootness sub nom., Brill v. General Industrial Enterprises, Inc., 3d Cir. 1956, 234 F.2d 465.

Indeed, were the rule otherwise the distinction between a stockholder's derivative claim and a claim exercised in his primary right would disappear, and the public policy based strictures on derivative suits could be avoided merely by asserting that economic harm to a corporation in itself constituted justiciable personal injury to each owner of stock in the corporation.

Thus, the district court properly ruled that the plaintiff's claim of standing to sue in his own right was no better than his derivative claim.

The judgment will be affirmed.