Isidore SHULMAN, Plaintiff,

v.

Milton RITZENBERG,

and

Laszlo N. Tauber, Defendants.

Civ. A. No. 758–65.

United States District Court

District of Columbia.

April 16, 1969.

Leonard Braman, Washington, D. C., for plaintiff.

Leonard S. Melrod, Albert E. Brault, Sr., Washington, D. C., for defendants.

## MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This is a suit by Isidore Shulman, allegedly a member of two joint ventures, Westwood Joint Venture Number 1 and Westwood Joint Venture Number 2, against Laszlo N. Tauber, the principal trustee of both joint ventures, and against Milton Ritzenberg, a former member of the ventures. It is alleged that Defendant Ritzenberg lent a large sum of money to Defendant Tauber, who entered into the loan agreement on behalf of the ventures. It is further alleged that the loan agreement exacted a usurious rate of interest in violation of the District of Columbia usury laws [1] and that the loan was illegal and wholly void under the District of Columbia Loan Shark Law,[2] since Defendant Tauber was engaged in the business of loaning money at interest rates greater than six per cent and had failed to obtain a license to do so.

1. D.C.Code § 28–3301 et seq. (1967).

2. D.C.Code § 26–601 et seq. (1967).

Counts I and III of the third amended complaint are denominated derivative actions, in which plaintiff sues to enforce the rights of the ventures under Rule 23.1 of the amended Federal Rules of Civil Procedure.[3] Count I alleges a cause of action against Defendant Ritzenberg, while Count III is an action against Defendant-Trustee Tauber, alleging a breach of his fiduciary duty. Counts II and IV of the third amended complaint are denominated class actions under Rule 23 of the amended Federal Rules of Civil Procedure,[4] alleging that the members of the ventures except Defendant Tauber and the two non-resident trustees constitute a class under the Rule. Count II alleges a cause of action against Defendant Ritzenberg, while Count IV is against Defendant-Trustee Tauber. Defendants have moved for an order pursuant to Rule 23(c) (1) [5] declaring that Counts II and IV are not properly maintainable as class actions. They have also moved to dismiss Counts I and III of the complaint, on the ground that a derivative suit is not properly maintainable under Rule 23.1. Defendants' motion as to

Counts II and IV is granted. Defendants' motion to dismiss Counts I and III is denied without prejudice.

## I

Amended Rule 23 of the Federal Rules of Civil Procedure attempts to create a logical, almost mechanical approach to determine whether a suit is properly maintainable as a class action.[6] The Court must first determine whether *all* the "prerequisites to a class action" of Rule 23(a) have been satisfied.[7] If the Court finds that all of the requirements of Rule 23(a) have been met, it next inquires whether *any one* of the requisites of Rule 23(b) has been satisfied.[8] If it concludes that any one or more of such requirements have been met, the Court may then issue an order, perhaps conditioned upon the right to make a later showing to the contrary, that a class action is maintainable.[9] It may then send notice to all potential members of the class to advise them of the action and of their right to "opt out" if they do not wish to be bound by the judgment of the Court.[10]

3. Fed.R.Civ.P. 23.1 (added Feb. 28, 1966, eff. July 1, 1966) [hereinafter cited Fed. R.Civ.P. 23.1].

4. Fed.R.Civ.P. 23 (as amended Feb. 28, 1966, eff. July 1, 1966) [hereinafter cited Fed.R.Civ.P. 23].

5. Rule 23(c) (1) provides: "As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits." Fed. R.Civ.P. 23(c) (1).

6. For particularly good in-depth discussions of the amended class action rule, Rule 23, and a philosophy of approach to the new rule with which this Court is in general agreement, *see* Eisen v. Carlisle & Jacquelin, 391 F.2d 555 (2d Cir. 1968) and Dolgow v. Anderson, 43 F.R.D. 472 (E.D.N.Y.1968).

7. Rule 23(a), styled "Prerequisites to a Class Action," provides: "One or more

members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a).

8. In the instant case, plaintiff alleges that he meets the requirements of either rule 23(b) (1) (B) or of Rule 23(b) (3). Fed.R.Civ.P. 23(b).

9. Fed.R.Civ.P. 23(c) (1), *supra* note 5.

10. Rule 23(c) (2) provides: "In any *class action maintained under subdivision* (b) (3), *the court shall direct* to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice shall advise each

Defendants have argued that plaintiff does not meet the Rule 23(a) (4) prerequisite of fairly and adequately protecting the interests of the class and that the Court must therefore find that a class action is not maintainable.[11] In support of this position, they argue, *inter alia,* that one member of a large class cannot adequately represent over fifty people, that plaintiff's financial interest is too small compared with the total sum involved in this litigation, and that the failure of other members to intervene in the action indicates plaintiff's failure to fairly and adequately protect the class which he purports to represent. We reject these arguments, for these purely quantitative factors are no longer relevant to a determination of fair and adequate representation under the amended rule.[12] Even one member of a class can provide the kind of representation for all that is contemplated by the class suit.[13] And to assert that the minute financial interest of the party before the court is a factor to be considered ignores the very spirit of the Rule 23 class action, which is to provide a means of vindicating small claims.[14] Similarly, "whether other members of the class have sought to intervene is not determinative of the question whether the plaintiffs are qualified to act in behalf of the absent members of the class."[15] Under the amended rule, every member of the class receives notice of the suit and an opportunity to "opt out."[16] Thus, the lack of interest of potential class members prior to the time such notice is given should not compel a determination that this is not a proper class action.[17] None of these quantitative factors is relevant; it is the *quality* of representation that is crucial in determining adequacy and fairness of representation.[18]

Turning to the qualitative considerations, this Court is of the view that only two factors need be met in order for it to determine that the representative party will fairly and ade-

member that (A) the court will exclude him from the class if he so requests by a specified date; (B) the judgment, whether favorable or not, will include all members who do not request exclusion; and (C) any member who does not request exclusion may, if he desires, enter an appearance through his counsel." Fed.R.Civ.P. 23(c) (2) (Emphasis added.). While 23(c) (2) "mandatory" notice is required only in actions brought under Rule 23(b) (3), it has been held that notice is required as a matter of due process in all class actions, and 23 (c) (2) merely requires a particularized form of notice in 23(b) (3) actions. Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564–565 (2d Cir. 1968). In regard to "discretionary" notice in 23(b) (1) and (b) (2) actions, see Fed.R.Civ.P. 23(d) (2).

11. Rule 23(a) (4) provides that a class action may be maintained only if "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a) (4).

12. Hohmann v. Packard Instrument Co., 399 F.2d 711, 714 (7th Cir. 1968); Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 563 (2d Cir. 1968); Weisman v. M C A, Inc., 45 F.R.D. 258, 262 (D. Del.1968).

13. Hohmann v. Packard Instrument Co., 399 F.2d 711, 714 (7th Cir. 1968). Cf. Dolgow v. Anderson, 43 F.R.D. 472, 495 (E.D.N.Y.1968).

14. Dolgow v. Anderson, 43 F.R.D. 472, 494–95 (E.D.N.Y.1968). See also Weisman v. M C A, Inc., 45 F.R.D. 258, 262 (D.Del.1968).

15. Hohmann v. Packard Instrument Co., 399 F.2d 711, 714 (7th Cir. 1968).

16. Fed.R.Civ.P. 23(c) (1). See also Fed. R.Civ.P. 23(d) (2) ("discretionary" notice) and Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 564–565 (2d Cir. 1968). See discussion supra note 10.

17. Mersay v. First Republican Corp. of America, 43 F.R.D. 465, 470–471 (S.D. N.Y.1968).

18. Dolgow v. Anderson, 43 F.R.D. 472, 495 (E.D.N.Y.1968) ("There is, of course, 'no magic in numbers * * *. The quality of representation is more important than numbers.'"). See also cases cited supra note 12.

quately protect the interests of the class he seeks to represent: (1) the representative party must be interested enough to be a forceful advocate and his chosen attorney must be qualified, experienced and generally able to conduct the litigation, and (2) the representative party must have interests which are compatible with and not antagonistic to those whom he would represent.[19] Insofar as the first requirement is concerned, there has been and could be no effective argument that plaintiff and his counsel do not possess the means, skill and necessary vigor with which to prosecute this action.[20] "In point of fact, irrefutable evidence of his competence and fervor is reflected in the papers and arguments thus far submitted by plaintiff's attorney."[21] It is the second factor on which this Court's decision must turn.

 In order for a party to fairly and adequately protect the interests of a class, he may not hold interests which conflict with those of the class whom he would represent.[22] While a court should not find such conflict and dismiss the class action merely because every member of the class might not be enthusiastic about the maintenance of the lawsuit,[23] "necessarily a different situation is presented where absent class members inform the court of their displeasure with plaintiff's representation."[24] The instant case presents such

a situation. Forty-seven of the approximately fifty-three members of the ventures have filed affidavits indicating that they are familiar with the lawsuit brought by plaintiff against defendants to recover the principal and interest of certain loans made by Defendant Ritzenberg to the ventures; that they do not consider plaintiff's interest in this action to be common with their own; that they do not believe plaintiff's conduct is consistent with the best interests of the joint ventures of which they are members; that they do not believe that plaintiff's representation will fairly and adequately protect their interests; and that they wish to be excluded from the purported class. In effect, the affidavits appear to have been filed for two distinct purposes: (1) To show that plaintiff does not fairly and adequately protect the interests of the class he purports to represent and therefore does not meet the prerequisite of Rule 23(a) (4) for the maintenance of a class action;[25] and (2) assuming that the suit is at least conditionally maintainable as a class action, to indicate that affiants wish to "opt out" of the action as provided by Rule 23(c) (2) and thus avoid the res judicata effect of the judgment.[26]

 Plaintiff argues that the affidavits are ineffective for either purpose because they were not solicited by the court controlled notice required by Rule

19. Eisen v. Carlisle & Jacquelin, 391 F. 2d 555, 562 (2d Cir. 1968); Dolgow v. Anderson, 43 F.R.D. 472, 493–494 (E.D. N.Y.1968); Mersay v. First Republican Corp. of America, 43 F.R.D. 465, 468 (S.D.N.Y.1968). See also Weinstein, Revision of Procedure: Some Problems in Class Actions, 9 Buffalo L.Rev. 433, 460 (1960).

20. See Technograph Printed Circuits, Ltd. v. Methode Electronics, Inc., 285 F.Supp. 714, 721 (N.D.Ill.1968).

21. Dolgow v. Anderson, 43 F.R.D. 472, 496 (E.D.N.Y.1968).

22. Hansberry v. Lee, 311 U.S. 32, 61 S. Ct. 115, 85 L.Ed. 22 (1940). See also

3A J. Moore, Federal Practice ¶ 23.07[3] (2d ed.1968); 2 W. Barron & A. Holtzoff, Federal Practice and Procedure § 567 at 308–309 (Wright ed. 1961).

23. Weinstein, supra note 19 at 461.

24. Eisen v. Carlisle & Jacquelin, 391 F. 2d 555, 563 (2d Cir. 1968).

25. Fed.R.Civ.P. 23(a) (4), supra notes 7, 11.

26. Fed.R.Civ.P. 23(c) (2), supra note 10. See also Advisory Committee's Note, Fed. R.Civ.P. 23, 39 F.R.D. 98, 104–105 (1966).

23(c) (2),[27] because they contain "boiler-plate" recitations fashioned by defendants with signatures solicited by defendants through the mails, and because there is no way for the Court to know how the affidavits were solicited or with what inducements. While we agree with plaintiff, for the reasons stated, that the affidavits may be ineffective for the second purpose of allowing affiants to "opt out" of the class action, we do not agree in the circumstances of this case that the affidavits are ineffective for purposes of the Court's threshold determinations of whether a class exists, whether the prerequisites of Rule 23(a) have been satisfied, and thus whether a class action is maintainable.[28] Although Rule 23(c) (2) controls procedures for notifying potential class members of their right to "opt out," [29] the rule is silent on what procedures, if any, may be employed to solicit the views of potential class members on whether or not a self-proclaimed representative plaintiff can fairly and adequately protect the interests of the class. Given this omission, this Court is of the view that, as in any other type of litigation, affidavits subscribed and sworn to, which relate information of direct consequence

to the issue before the Court, may be accepted at face value and considered by the Court in deciding that issue.[30] The forty-seven affidavits submitted in this case have direct bearing on the issue of whether plaintiff has met the threshold considerations involved in the definition of a class under Rule 23(a). No reason has been advanced for the Court to inquire beyond the face of the affidavits and none is perceived which would be appropriate to the facts of the instant case.

Considering the affidavits of forty-seven of the joint venture members along with the other pleadings and memoranda, the Court concludes that plaintiff's interests are antagonistic at least to the interests of the forty-seven affiants and in conflict with this vast majority of his fellow joint venture members. Thus, we hold that plaintiff cannot fairly and adequately protect them as members of the class he would represent, the essential prerequisite of Rule 23(a) (4).[31] Six members of the class which plaintiff purports to represent did not file affidavits. Viewing that group as the only appropriate subclass which plaintiff can now claim to represent,[32] this class of six persons is

---

27. Rule 23(c) (2) provides that in any class action maintained under Rule 23(b) (3), *"the court shall direct* to the members of the class the best notice practicable under the circumstances, * * *."* Fed.R.Civ.P. 23(c) (2) (Emphasis added.). For discussions of the court's role in controlling notice, *see* Smith v. Hood, 130 U.S.App.D.C. 43, 44 n. 2, 396 F.2d 692, 693 n. 2 (1968); Eisen v. Carlisle & Jacquelin, 391 F.2d 555, 568–570 (2d Cir. 1968); Minnesota v. United States Steel Corp., 44 F.R.D. 559, 577 (D. Minn. 1968). *See also* Kaplan, Continuing Work of the Civil Committee: · 1966 Amendments of the Federal Rules of Civil Procedure (I), 81 Harv.L.Rev. 356, 391–394, 398–399 (1967); Case Comment, 44 Notre Dame Law. 151, 155–158 (1968).

28. *See* Johnson v. American General Life Insurance Co., 296 F.Supp. 802, at 813

(D.D.C.1969) ("[W]hile these disclaimers are not necessarily substitutes for the notice provisions of Rule 23 since the Court is unaware of the circumstances surrounding their solicitation, they do raise substantial doubt as to the size of a class which may finally be able to proceed."). *Cf.* Fischer v. Kletz, 41 F.R. D. 377, 386 (S.D.N.Y.1966).

29. Fed.R.Civ.P. 23(c) (2), *supra* notes 10, 27.

30. *See generally* 3 Am.Jur.2d Affidavits (1962).

31. Fed.R.Civ.P. 23(a) (4), *supra* notes 7, 11.

32. Rule 23(c) (4) (B) provides that when appropriate, "a class may be divided into subclasses and each subclass treated as a class, and the provisions of this rule shall then be construed and applied according-

not so numerous as to make joinder of all members impracticable.[33] Thus, plaintiff does not meet the essential prerequisite of Rule 23(a) (1).[34] Moreover, having treated the affidavits as an aid in defining the class, this Court seriously doubts, without expressly deciding the issue, whether a class exists at all in the instant case.[35] In any event, since plaintiff has failed to meet at least two of the four essential prerequisites of Rule 23(a), the Court holds that a class action may not be maintained.[36]

## II

Rule 23.1 of the Federal Rules of Civil Procedure provides for derivative suits to be brought by shareholders of corporations and by members of unincorporated associations, treating such associations as legal entities for the purpose of such suits.[37] In the instant case, plaintiff brings suit as a member of two groups which he has referred to as "joint ventures." However, the true legal status of these "ventures" is not clear from the pleadings, the memoranda relating to this motion, or any other papers on file in this case. If it cannot be shown that these "joint ventures" are either corporations (which neither party would claim) or associations within the meaning of Rule 23.1, this Court has serious doubts whether the suit may be maintained as a derivative action. It is primarily for this reason that the Court denies defendants' motion without prejudice to its subsequent renewal. Assuming for the moment, however, that the joint ventures are associations within the meaning of the rule, we turn to the merits of defendants' arguments.

The Court is not persuaded by defendants' arguments that a derivative suit is barred because plaintiff made insufficient effort to obtain redress from the trustees before instituting this lawsuit,[38] or because the trus-

---

ly." Fed.R.Civ.P. 23(c) (4) (B). *See* Fischer v. Kletz, 41 F.R.D. 377, 384 (S.D. N.Y.1966).

33. Rule 23(a) (1) provides that a class action may be maintained only if "the class is so numerous that joinder of all members is impracticable." Fed.R.Civ.P. 23(a) (1). *See* discussion of this requirement in DeMarco v. Edens, 390 F.2d 836, 845 (2d Cir. 1968). *See also* 3A J. Moore, *supra* note 22 ¶23.05.

34. Fed.R.Civ.P. 23(a) (1).

35. "By definition, an essential prerequisite to a class action is the existence of a 'class'." 3A J. Moore, *supra* note 22 ¶23.04. *See also* Weisman v. M C A, Inc., 45 F.R.D. 258, 261 (D.Del.1968); Dolgow v. Anderson, 43 F.R.D. 472, 491 (E.D.N.Y.1968).

36. As indicated in the text, this holding is based on subdivisions (1) and (4) of Rule 23(a). Since plaintiff has failed to meet two of the four prerequisites of Rule 23(a), all four of which must be satisfied for the maintenance of a class suit, there is no need for the Court to examine the other subsections of Rule 23(a). Nor, given the scheme of the rule, is there need to proceed to an examination of the elements of Rule 23(b). *See supra* notes 6–10 and accompanying text. Plaintiff has also argued, in effect, that the Court should ignore his failure to satisfy the prerequisites of Rule 23(a) in order to permit him to effectuate the purposes of the District of Columbia Loan Shark Law. D.C.Code § 26–601 et seq. (1967). There is no need to dwell on our reason for rejecting this argument. We are simply not persuaded that the policy and explicit criteria of Rule 23 of the Federal Rules of Civil Procedure were intended to be so ignored. "One or more members of a class may sue or be sued as representative parties on behalf of all *only if*" the requisites of Rule 23 have been satisfied. Fed.R.Civ.P. 23(a) (Emphasis added.).

37. Fed.R.Civ.P. 23.1. *See also* 2 W. Barron & A. Holtzoff, *supra* note 22 § 563.

38. Rule 23.1 requires that "[t]he complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for his failure to obtain the action or for not making the effort." Fed.R.Civ.P. 23.1.

tees made a valid business judgment, or because a majority of the venture members ratified the claimed wrongful conduct of trustee Tauber and affirmed the trustees' judgment not to sue. These arguments must be analyzed in light of a realistic view of how Westwood Joint Venture Number 1 and Westwood Joint Venture Number 2 were controlled and managed. It is undisputed that the three trustees owned a combined 53% of the ventures' property; that the other two trustees gave powers of attorney to trustee Tauber to make decisions on behalf of the ventures; and that when plaintiff sought to obtain relief by writing to counsel for the ventures, counsel replied that he had discussed the matter with trustee Tauber (not with all three trustees) and that no action would be brought. These facts clearly indicate that trustee Tauber, the very party accused of wrongdoing in this lawsuit, had virtual control over the affairs and property of the joint ventures. Thus, after having received a negative response to his request from counsel for the ventures, any additional effort on the part of plaintiff to obtain redress from the ventures would have been a futile and useless gesture. As a result, any further demand on the trustees was excused.[39] Similarly, the necessity for any demand on the members (if required) was also excused as a futile act.[40] Moreover, the letter from counsel for the ventures indicated that it was trustee Tauber who made the decision not to bring suit on behalf of the ventures. Since Tauber was personally involved in the alleged wrongdoing, his refusal to sue cannot be viewed as a sound and impartial business judgment by the trustees, precluding plaintiff from maintaining this suit.[41] Equally defective is defendants' argument that the affidavits filed by members of the ventures constitute a valid ratification of the loan entered into by Tauber and an affirmation of his decision not to sue. While it is true that only the act of the lender, not the borrower, may be illegal under the Loan Shark Law,[42] members of the venture cannot ratify the acts of third parties who violate positive law to the injury of the venture.[43] In addition, to hold that a valid ratification was possible in this case would merely compel plaintiff to shift his legal theory from breach of fiduciary duty to fraud (which is even now implicit in his complaint), which can be ratified, if at all, only by unanimous vote of the members.[44]

Because of our holding in Part I of this memorandum, the Court has greater difficulty with defendants' argument that a derivative suit may not be maintained because plaintiff does not fairly and adequately represent the interests of the venture members similarly situated in enforcing the rights of the ventures.[45] In support of this position,

39. *See* Cathedral Estates, Inc. v. Taft Realty Corp., 228 F.2d 85, 88 (2d Cir. 1955); de Haas v. Empire Petroleum Co., 286 F.Supp. 809, 813–815 (D.Colo. 1968); Kaminsky v. Abrams, 281 F. Supp. 501, 503 (S.D.N.Y.1968). *See also* 3A J. Moore, *supra* note 22 ¶23.19 at 3524–3526. *Cf.* Wickes v. Belgian American Educational Foundation, 266 F.Supp. 38, 42 (S.D.N.Y.1967) ("Where, as here, a demand would be futile, the requirement may be relaxed.").

40. *See* 3A J. Moore, *supra* note 22 ¶23.19 at 3528–3529.

41. *See* Ash v. International Business Machines, Inc., 353 F.2d 491, 492–493 (3d Cir. 1965); Issner v. Aldrich, 254 F. Supp. 696, 699–700 (D.Del.1966).

42. D.C.Code § 26–601 (1967).

43. Rogers v. American Can Co., 305 F.2d 297, 316–317 (3d Cir. 1962).

44. Gottesman v. General Motors Corp., 268 F.2d 194, 197 (2d Cir. 1959). *See also* 2 W. Fletcher, Cyclopedia of the Law of Private Corporations § 764 (1954 rev. vol.); 13 W. Fletcher, *id.* § 5795 (1961 rev. vol.).

45. Rule 23.1 states: "The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the

defendants point to the affidavits on file as evidence that plaintiff's interests are antagonistic to and in conflict with the interests of other members of the ventures.[46] Plaintiff responds that he need not fairly and adequately represent the interests of *all* members of the ventures, but only those *similarly situated*—that is, those who are dissatisfied, as he is, with the failure of the trustees and a majority of venture members to enforce a right of the ventures which is properly assertable by them. To require more, he argues, would be to frustrate the traditional purpose of a derivative action, which is to remedy a wrong to the association in cases where the association itself, because it is controlled by the alleged wrongdoers or for some other reason, refuses to take appropriate action for its own protection.[47] The Court agrees with plaintiff, for we do not believe the draftsmen of the 1966 amendments intended to change the very nature of the derivative suit. Although no court apparently has yet defined the term, it seems clear that fair and adequate representation of those *similarly situated* means something different in Rule 23.1 from fair and adequate protection of interests of the class in Rule 23. Indeed, as one commentator noted, it appears that the Advisory Committee implicitly recognized the necessity for such a distinction:

The amended rule provides: "The derivative action may not be maintained if it appears that the plaintiff

does not fairly and adequately represent the interests *of the shareholder or members similarly situated* in enforcing the right of the corporation or association." Apparently recognizing that it was frequently minority interests which were being represented, the Advisory Committee adopted the above in lieu of the parallel provision in the preliminary draft: "The derivative action may be maintained only if the court is satisfied that the plaintiff will adequately represent the interest *of the corporation or association.*"[48]

It is the very essence of a derivative suit that the opposition of a majority cannot prevent or annul the maintenance of that suit, else very few such suits would ever be brought and minority members would have no effective remedy.[49] In light of this underlying policy of the derivative action and there apparently being no attempt on the part of the draftsmen of the 1966 amendments to frustrate this policy, this Court concludes that plaintiff can "fairly and adequately represent the interests of" the minority of venture members "similarly situated" in enforcing the right of the ventures against Tauber and Ritzenberg. Thus, he may properly maintain a derivative suit.

Accordingly, it is by the Court this 16th day of April, 1969,

Ordered that Defendants' Motion for an Order Pursuant to Rule 23(c)(1) of the Federal Rules of Civil Procedure be and is hereby granted, and the causes of

---

shareholder or members similarly situated in enforcing the right of the corporation or association." Fed.R.Civ.P. 23.1. This is a change from the former rule, which had no such requirement. The purpose of adding this requirement is not clear from the rule, and the statement of the Advisory Committee is singularly unenlightening: "The next-to-the-last sentence recognizes that the question of adequacy of representation may arise when the plaintiff is one of a group of shareholders or members." Advisory Committee's Note, Fed.R.Civ.P. 23.1, 39 F.R.D. 98, 108 (1966).

46. As indicated *supra* notes 19–35 and accompanying text, this alleged antagonism and conflict of interest is the crucial consideration in a determination of fair and adequate representation.

47. *See* 19 Am.Jur.2d Corporations § 528 (1965); H. Henn, Handbook of the Law of Corporations § 352 (1961).

48. Cohn, The New Federal Rules of Civil Procedure, 54 Geo.L.J. 1204, 1227 (1966).

49. Gottesman v. General Motors Corp., 268 F.2d 194, 197 (2d Cir. 1959).

action set forth in Counts II and IV of the third amended complaint are hereby dismissed as class actions, and it is

Further ordered that Defendants' Motion to Dismiss Derivative Actions (Counts I and III of the third amended complaint) be and is hereby denied, without prejudice.