TREDINNICK, J.,
— Defendants have filed preliminary objections in the nature of a demurrer to plaintiff’s complaint.
The complaint asserts a derivative cause of action on behalf of Electro-Nite Co. (company), against Robert and Phyllis Jordan. On or about December 21, 1967, Robert Jordan entered into an agreement with company whereby, in consideration for Jordan’s suggested process and manufacture of an alarm system, company offered to sell to Jordan 15,000 shares of authorized, unissued and unregistered stock at .10 per share, 3,000 to be delivered to Jordan on each January 1st, from 1968 through 1972, inclusive.
The complaint alleges that shortly after acquiring the allotted shares on January 1st, 1968, 1969 and 1970, Jordan sold, or offered to sell, such shares publicly, which action subjects company to civil and criminal liabilities under the Securities Act of 1933, as amended, 15 U.S.C. §77a, et seq.
It is further alleged that plaintiff has advised the directors of the company of this, and demanded that the directors rescind the Jordan agreement and reacquire shares not as yet sold to the public. It is averred that the directors have not complied with that demand nor sought other appropriate means to prevent Jordan from subjecting the company to the aforementioned liability.
*402 In order for plaintiff to maintain a stockholder’s derivative suit, it must be alleged and proved that company has a valid cause of action against the Jordans which it refuses to pursue. Furthermore, it must also be alleged and proved that such refusal constitutes a breach of trust or mismanagement of the company: Ash v. International Business Machines, Inc., 353 F.2d 491 (3rd Cir., 1965), affirming 236 F. Supp. 218 (E.D. Pa. 1964); Kelly v. Thomas, 234 Pa. 419 (1912); Wolf v. Young Supply Co., 19 D. & C. 2d 404 (1959). Also, see 13 Fletcher, Cyclopedia Corporations, §5822 (1970).
“A stockholder must abide by management decisions, unless the management is guilty of a breach of trust or is negligent in the operation of the corporation . . . This is known as the sound business judgment rule . . . Unless the management of a corporation has done an unreasonable act or breached their fiduciary duty, there is no basis for the institution of a derivative suit”: Ash v. International Business Machines, Inc., supra.
Assuming, arguendo, that the agreement between company and Jordan is in violation of the Securities Act of 1933, and assuming that such violation will subject company to civil and criminal liabilities, plaintiff has failed to allege any facts which would indicate that the decision by the directors of company not to pursue any remedy against the Jordans is anything other than a decision resting squarely within the sound business judgment rule.
Accordingly, we enter the following
ORDER
And now, February 24, 1971, the preliminary objections in the nature of a demurrer are sustained. Plaintiff is given leave to amend the complaint within 20 days hereof.