**Russell P. MILLER and Margaret Jane Miller, h/w**

v.

**AMERICAN TELEPHONE & TELE-GRAPH CORPORATION et al.**

Civ. A. No. 72-798.

United States District Court,
E. D. Pennsylvania.

Sept. 18, 1973.

John Butera, Norristown, Pa., for plaintiffs.

Philip M. Hammett, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

BECHTLE, District Judge.

Defendant, American Telephone & Telegraph ("AT&T"), moves this Court, pursuant to Fed.R.Civ.P. 12(b), for an order dismissing plaintiffs' amended complaint for failure to state a claim upon which relief can be granted. Plaintiffs, Russell P. Miller and Margaret Jane Miller, owners of 200 shares of AT&T common stock, instituted a shareholders' derivative action against AT&T and certain named directors seeking preliminary and permanent injunctive relief against the provision of further telephone service by AT&T, or its related companies, to the Democratic National Committee ("Committee") until an antecedent debt due and owing AT&T, originating from the 1968 Democratic Presidential Campaign, is paid in full by the Committee. After conducting an evidentiary hearing and deciding that jurisdiction over the parties and the subject matter was present, this Court denied plaintiffs' motion for a preliminary injunction, 344 F.Supp. 344. Defendant's motion to dismiss the amended complaint, which also covered plaintiffs' request for permanent injunctive relief, was later filed.

This Court has jurisdiction of the case by virtue of the diversity of citizenship of the parties; the plaintiffs, Russell P. and Margaret Jane Miller, being citizens of the State of Pennsylvania and the defendant, AT&T, is a corporation organized and existing under the laws of the State of New York, having its principal place of business and executive offices in New York, New York. The directors of AT&T named as defendants in this litigation are all citizens of states other than Pennsylvania, thereby insuring the requisite diversity of citizenship. See, Campbell v. Triangle Corporation, 336 F.Supp. 1002 (E. D.Pa.1972).

In viewing the defendant's motion to dismiss, it is necessary to determine whether the well-pleaded facts, accepted as true and considered in the light most favorable to the plaintiffs, are sufficient to constitute a valid cause of action. Melo-Sonics Corporation v. Cropp, 342 F.2d 856 (3rd Cir. 1965).

The substance of plaintiffs' factual allegations is that the Committee is indebted to AT&T in the approximate amount of $1,500,000,[1] principally for telephone and other communication services rendered at the 1968 Democratic National Convention in Chicago, Illinois, and during the 1968 Presidential Campaign. Plaintiffs assert that, since the incurrence of the aforementioned debt of the Committee, neither the officers nor directors of AT&T have taken any affirmative action, legal or otherwise, to recover on behalf of the corporation the amount owed by the Committee. The defendants are in substantial agreement with the aforesaid contentions of the plaintiff-shareholders. AT&T and the directors named herein do not deny the fact that extensive communication services were afforded the Committee during its convention and in the course of the later 1968 Presidential Campaign, nor do the defendants deny

---

1. Plaintiffs' amended complaint was filed on May 31, 1972. As of that time, the outstanding indebtedness amounted to $1,451,296.75.

The Democratic National Committee has since made payments of $256,184.30, reducing the balance of indebtedness to $1,195,112.45.

the existence of a substantial outstanding debt owed by the Committee. The issue presented then is whether the facts alleged in the amended complaint, assumed to be true and considered in the light most favorable to the plaintiff, are sufficient to constitute a valid cause of action in this Court.

The plaintiffs' claim is predicated on the failure of AT&T to take what plaintiffs term affirmative action in bringing about collection of the outstanding debt. Contending that continued abeyance in regard to the liquidation of the Committee's debt will cause irreparable harm to the corporation, the plaintiff-shareholders are attempting to secure the assistance of the Court to correct what appears to them to be a mistake of judgment on the part of the officers and directors of AT&T. In essence, the plaintiffs are asking the Court to force AT&T to act, where it has chosen through its duly elected officers not to act.

The statement of Mr. Justice Brandeis, concurring in Ashwander v. Valley Authority, 297 U.S. 288, 343, 56 S.Ct. 466, 481, 80 L.Ed. 688 (1936), enunciates the well-established legal precept regarding the intervention of a court of law in the internal management and decision-making processes of a corporation:

" . . . [Stockholders] cannot secure the aid of a court to correct what appear to them to be mistakes of judgment on the part of the officers . . . This rule applies whether the mistake is due to error of fact or of law, or merely to bad business judgment. It applies . . . where the mistake alleged is the refusal to assert a seemingly clear cause of action . . ." (297 U.S. 288, at p. 343, 56 S.Ct. 466, at p. 481.)

■■ Applying the above statement to the situation at bar, it becomes manifestly clear that this Court cannot compel AT&T to take appropriate action to recover the debt owed by the Committee. To do so would unlawfully involve the Court in the business decisions of a corporation, such decisions being solely within the province of the judgment of the officers of the corporation. A court may not substitute its own judgment for that of a corporate judgment, absent a showing that the officers or directors have acted illegally, unreasonably, or breached their fiduciary duty. This is known as the sound business judgment rule. The Court in Ash v. International Business Machines, Inc., 353 F.2d 491 (3rd Cir. 1965), applied the sound business judgment rule in dismissing a derivative action brought by a minority stockholder to enjoin the corporation from acquiring substantially all the assets of another corporation. The Court held that:

" . . . a stockholder's derivation action, whether involving corporate refusal to bring anti-trust suits or some other controversial decision concerning the conduct of corporate affairs, can be maintained only if the stockholder shall allege and prove that the directors of the corporation are personally involved or interested in the alleged wrongdoing in a way calculated to impair their exercise of business judgment on behalf of the corporation, or that their refusal to sue reflects bad faith or breach of trust in some other way." (353 F.2d, at p. 493.)

The record is devoid of any indication that the decisions made by the directors of AT&T in respect to the indebtedness of the Committee have been couched in fraud or collusion. Plaintiffs' allegations of unsound business judgment do not invest this Court with the authority to interpose itself between the directors of the corporation and those individuals or associations that are outstanding debtors of the corporation.

■ Decisions concerning when and how to apply pressure to a recalcitrant debtor are properly within the discretion of the officers and directors of the corporation. Plaintiffs, as shareholders, must pursue their objectives through the

corporate apparatus rather than in a court of law, unless the reluctance stems from conduct that is plainly illegal, unreasonable, or in breach of a fiduciary duty which is not apparent or suggested by a review of the pleadings in this case.

Accordingly, defendant's motion to dismiss the amended complaint will be granted.