Rae SCHUPACK, individually and Rae Schupack on behalf of herself and all other stockholders of 2170 East Lake Road, Inc., Plaintiff,

v.

Albert COVELLI, Robert Orchard, 2170 East Lake Road, Inc., and McDonald's Corporation, Defendants.

Civ. A. No. 80–66 Erie.

United States District Court,
W. D. Pennsylvania.

May 5, 1981.

Wallace J. Knox, Erie, Pa., for plaintiff.

John G. Gent, Erie, Pa., for defendant Covelli.

Robert Millner, Chicago, Ill., Barbara Malett, Erie, Pa., Shelby Yastrow, Oak Brook, Ill., for defendant McDonald Corp.

Alfred G. Yates, Jr., Pittsburgh, Pa., for defendant Orchard.

## MEMORANDUM OPINION

WEBER, Chief Judge.

The plaintiff in this action, Rae Schupack, was at one time a minority shareholder in 2170 East Lake Road, Inc., a corporation which was exclusively licensed by McDonald's Corporation to operate McDonald's Fast Food Restaurants in the Erie, Pennsylvania, area. In May of 1977, the plaintiff and other minority shareholders of 2170 East Lake Road, Inc., entered into a stock redemption agreement. Under the terms of this agreement eight (8) minority shareholders of 2170 East Lake Road, Inc. were to receive a total of $108,000 in return for their interests in the corporation.

The plaintiff now challenges the validity of this stock redemption, alleging that it violated state and federal securities' laws and Pennsylvania's common law of corporations. The plaintiff's complaint in this action proceeds in six counts. The first four counts contain individual claims by the plaintiff against Albert Covelli and Robert Orchard, the majority shareholders in 2170 East Lake Road, Inc. In her fifth and sixth counts the plaintiff sues derivatively on behalf of all other shareholders of the corporation against Orchard, Covelli, 2170 East Lake Road, Inc. and McDonald's Corporation.

Although these counts all proceed against different defendants on different theories of liability the gravamen of the complaint in each count is the same. Basically, the plaintiff alleges that the stock redemption was improper because, at the time of redemption, the minority shareholders were not informed that Orchard and Covelli were individually operating a McDonald's restaurant within the exclusive licensed territory of 2170 East Lake Road, Inc.

Presently there are two motions to dismiss pending in this matter. The first of these motions, filed by defendant Covelli, seeks dismissal of Count 5 of the plaintiff's complaint. In that count the plaintiff brings a shareholder's derivative suit against defendants Orchard, Covelli and 2170 East Lake Road, Inc. In its motion the defendant alleges that this derivative action should be dismissed for two reasons. First, the plaintiff does not fairly and adequately represent the interest of the other shareholders. Second, the plaintiff's derivative action was not timely brought and is barred by the equitable doctrine of laches.

The second motion pending in this case, also filed by defendant Covelli, is a motion to dismiss the plaintiff's complaint or, in the alternative, direct that the plaintiff's father, Eli Schupack, be added as an additional plaintiff. This motion proceeds under Fed.R.Civ.P. 17 (real party in interest) and 19 (parties necessary for just adjudication), and alleges that Mr. Schupack controls this litigation and, therefore, should be added as a party plaintiff. For the reasons stated below we feel that neither of these motions are well founded. Accordingly we deny defendant Covelli's motions to dismiss.

■ The requirement that the representative plaintiff in a shareholder derivative suit fairly and adequately represents the shareholder class is set forth in Rule 23.1 of the Fed.R.Civ.P., which states "the derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interests of the shareholders ... in enforcing the rights of the corporation or association." In determining what constitutes fair and adequate representation we recognize at the outset that Rule 23.1 does not require "that derivative action plaintiffs have the support of a majority of the shareholders or even that they be supported by all the minority shareholders." *Nolen v. Shaw-Walker Co.,* 449 F.2d 506, 508 (6th Cir. 1971). *See Shulman v. Ritzenberg,* 47 F.R.D. 202 (D.C.Cal. 1969). The true measure of adequacy of representation under Rule 23.1 is not how many shareholders does the plaintiff represent. Rather it is how well does this representative plaintiff advance the interest of other similarly situated shareholders. *See,* Annot. 15 A.L.R. Fd. 954, 958; *Shulman v. Ritzenberg, supra.*

■ This qualitative evaluation of the adequacy of representation is frequently expressed as a two part test. First, does the representative plaintiff vigorously and conscientiously prosecute the action? Second, are the interests of the representative plaintiff in any way antagonistic to the interests of the class he purports to represent? *See G. A. Enterprises v. Leisure Living Communities, Inc.,* 66 F.R.D. 123

(D.Mass.1974), *aff'd* 517 F.2d 24 (1st Cir. 1975); *Sweet v. Birmingham,* 65 F.R.D. 551 (S.D.N.Y.1975). In this case there is no argument that the plaintiff is not vigorously pursuing this action. Therefore, the question becomes one of conflict of interests between the representative plaintiff and the shareholder class. On this question the defendant bears the burden of proof. *See, Smallwood v. Pearl Brewing Co.,* 489 F.2d 579, 592–93 n. 15 (5th Cir. 1974).

■ We are convinced that the defendant has not met this burden. The evidentiary materials accompanying the defendant's motion demonstrate that the plaintiff did not consult with the other minority shareholders prior to bringing this action; that in 1977 the plaintiff's father did contact some minority shareholders and was told that they were not interested in pursuing any derivative action; that all of the other minority shareholders continued to accept payment under the Stock Redemption Agreement and that none of them have complained directly to the defendant or his counsel. On the other hand, plaintiff in its response to this motion has submitted an affidavit which indicates that seven of the eight minority shareholders now consent to participate in this lawsuit.

We believe that these evidentiary materials, when viewed in their totality, demonstrate that there is no antagonism between the interests of the representative plaintiff and those of the other minority shareholders. When viewed in light of the affidavit submitted by plaintiff, the defendant's exhibits merely show that in 1977 none of the other minority shareholders were willing to take the lead in actively pursuing claims against the defendants. Yet a substantial number are now willing to participate passively in a lawsuit which is already in progress. Because this equivocal evidence presented by defendants does not demonstrate the type of conflict of interest necessary to justify dismissal under Rule 23.1 we will reject defendant's argument on this point.

Nor do we feel that laches bars the plaintiff's claim in this case. At a minimum laches requires that a plaintiff, with full knowledge of his rights, unreasonably delay in the prosecution of a lawsuit to the prejudice of the defendant. *See,* 27 Am.Jur.2d, *Equity,* § 162 et seq. In this case there is some dispute regarding how long the plaintiff delayed in bringing her lawsuit after she obtained full knowledge of the facts surrounding the stock redemption. At most that period appears to be two and one-half to three years. We are not now prepared to say in a case of this complexity that such a delay was inherently unreasonable. Moreover, on this record, we cannot see how the plaintiff's delay has prejudiced the defendants. Therefore, we refuse to dismiss Count 5 of the plaintiff's complaint on the grounds that it is barred by laches.

Finally we deny the defendant's motion to dismiss or in the alternative join Eli Schupack as a party plaintiff. The evidentiary materials submitted on this point reveal that Rae Schupack possessed legal title to the stock in question; that Rae Schupack retained and paid plaintiff's counsel in this action; and that plaintiff's counsel takes his instructions solely from Rae Schupack. We feel that these facts establish that Rae Schupack is the real party in interest in this case. See Fed.R.Civ.P. 17. The fact that Rae Schupack has little working knowledge regarding her investment, or that she relies almost exclusively on her father's advice in making decisions concerning this investment does not in our view alter this conclusion. Eli Schupack's involvement in these transactions is solely that of a close advisor to the plaintiff. While this involvement and this knowledge of the lawsuit may make Eli Schupack a useful and important witness in the trial of this matter, it does not convert him into the real party in interest.

Similarly Eli Schupack cannot be considered as a party necessary for the just adjudication of this matter. *See,* F.R.Civ.P. 19. Mr. Schupack's interest in this matter is purely personal and totally derived from his daughter's stock ownership. Any ruling on his daughter's rights will necessarily be completely conclusive in this case. Therefore, there is no reason to require Eli Schupack's joinder as a party necessary for the complete adjudication of this matter.

Defendant Covelli's motions to dismiss are denied.

An appropriate order will issue.

### ORDER

AND NOW this *4th day of May, 1981,* IT IS ORDERED that the motions to dismiss filed by defendant Covelli in the above case are DENIED.