657 F.2d 640
 1981-2 Trade Cases 64,255
 Lawrence S. RATLIFF, on his own behalf and on behalf of all
other taxpayers of Anson County, North Carolina, Appellants,
v.
Fred A. BURNEY, Floyd Deen, Jr., Gultekin Ertugrul and Abdul
Naizi-Sai, Appellees.
 No. 81-1203.
 United States Court of Appeals,
Fourth Circuit.
 Argued July 13, 1981.
Decided Aug. 27, 1981.
 
 George M. Chapman, Wadesboro, N. C., for appellants.
 Alfred S. Bryant, H. Heath Alexander, Charlotte, N. C. (James C. Smith, Henderson, N. C., on brief), for appellees.
 Before PHILLIPS, MURNAGHAN and ERVIN, Circuit Judges.
 ERVIN, Circuit Judge:
 
 
 1
 In this appeal, we affirm the district court's dismissal of an antitrust action on the ground that plaintiffs Lawrence Ratliff and others have no standing to sue.
 
 I.
 
 2
 In October 1979, Lawrence Ratliff, a taxpayer of Anson County, filed a class action alleging that four Anson County doctors had combined and conspired to boycott the Anson County Hospital by withholding admission of their patients to the hospital in June and August 1979. The complaint alleged that the deliberate withholding of business caused a $50,000 loss in operating revenues for the hospital and that, as a result, the Anson County Commission had to appropriate $40,000 from the County's general fund in July 1979 to compensate for this lost revenue. The complaint further alleged that Ratliff and other class members, as Anson County taxpayers, will ultimately bear any hospital deficit that the County makes up with county funds. Treble damages and an injunction against further boycotting were the forms of relief sought. On defendants' motion, the district court dismissed the complaint, concluding that it alleged insufficient facts to confer standing.
 
 II.
 
 3
 The district court held that the plaintiffs had failed to establish standing on either of the two grounds asserted. First, they had failed to allege an individual right of action under the Clayton Act, 15 U.S.C. § 12 et seq., because they had not shown that they had suffered injury to their "business or property by reason of anything forbidden in the antitrust laws." 15 U.S.C. § 15. Furthermore, they had failed to allege facts that would entitle them to bring a derivative action on behalf of their county of residence, even assuming such an action were available.A. Individual right of action
 
 
 4
 We agree with the district court that plaintiffs failed to allege entitlement to an individual right of action. Under section 4 of the Clayton Act, 15 U.S.C. § 15, plaintiffs must show that they have been injured in their business or property and that the injury occurred as a result of an alleged antitrust violation. The plaintiffs here, however, have claimed only the possibility of an ultimate increase in county taxes as a result of the defendants' alleged antitrust violations. Even if we assume that an increase in taxes under these circumstances threatens injury to a business or property interest recognized under section 4, see Ragar v. T. J. Raney & Sons, 388 F.Supp. 1184, 1187 (E.D.Ark.), aff'd, 521 F.2d 795 (8th Cir. 1975), the plaintiffs have failed to allege facts sufficient to establish that the alleged boycott was the proximate cause of their asserted injury:
 
 
 5
 If the damage was merely incidental or consequential, or if the defendants' antitrust acts are so removed from the injury as to be only remotely causative, the plaintiffs have not been injured "by reason of anything forbidden in the antitrust laws" as contemplated by the Clayton Act. (citations). This is a critical determination which must be made by the court on the evidence offered by the plaintiff. At this point the court is in a position to foreclose claims by those only distantly or tenuously hurt. Thus the apprehension of "wind-fall" recoveries is dispelled. South Carolina Milk Producers Council, Inc. v. Newton, 360 F.2d 414, 419-20 (4th Cir.), cert. denied, 385 U.S. 934 (87 S.Ct. 295, 17 L.Ed.2d 215) (1966).
 
 
 6
 See also Ragar v. T. J. Raney & Sons, 388 F.Supp. at 1186. The plaintiffs in this case are simply too far removed from the alleged antitrust violation, and their alleged injury too tenuous and remote, for them to be entitled to sue as individuals under section 4.
 
 B. Derivative action
 
 7
 The district court also denied standing on a derivative action theory. The court did not decide whether derivative actions analogous to shareholder suits are available to taxpayers seeking to sue under section 4 of the Clayton Act. It found, however, that the plaintiffs had in any event failed to allege facts sufficient to establish standing even in a conventional shareholder derivative suit under the Act because no collusion or fraud by the county commissioners had been alleged. See Ash v. International Business Machines, Inc., 353 F.2d 491, 493 (3d Cir. 1965), cert. denied, 384 U.S. 927, 86 S.Ct. 1446, 16 L.Ed.2d 531 (1966). We affirm that portion of the district court's order on the basis of its soundly reasoned opinion. Ratliff, et al. v. Burney, et al., 505 F.Supp. 105 (W.D.N.C.1981).
 
 
 8
 AFFIRMED.